JAMES LONG, Appellant, v. JOHN LONG, Respondent.

St. Louis Court of Appeals, February 24, 1891.

1. **Evidence:** CONTRACT IN WRITING : PAROL EVIDENCE TO IDENTIFY SUBJECT-MATTER. Parol evidence is admissible to identify the subject-matter of a contract in writing. *Held,* accordingly, that, where one of two partners transferred in writing to the other his interest in the partnership assets, including the accounts, and he was, at the time, indebted to the copartnership, it was competent for him to show by oral testimony that it was not intended that his indebtedness to the firm should be included among the accounts thus transferred, but that, by the terms of the transfer, said indebtedness was canceled and expunged.

2. **Practice, Trial:** INSTRUCTIONS. *Held* that a party who had primarily the burden of proof, but introduced in evidence a writing which made out a *prima facie* case, was not entitled to an instruction that the burden of the proof was on the opposite party, when the evidence offered by such party, if believed, was sufficient to overcome the *prima facie* case. When the *prima facie* case was thus disproved, the burden of proof still continued as it was primarily.

*Appeal from the Washington Circuit Court.*—HON. J. L. THOMAS, Judge.

AFFIRMED.

*Wm. Carter* and *K. W. Weber*, for appellant.

( 1 ) The court erred in admitting the oral testimony of John O. Long, the purpose and effect of which was to change, vary and contradict the written contract of sale executed by the parties to this suit. *Bunce v. Beck*, 43 Mo. 266 ; *Gooch v. Conner*, 8 Mo. 391, 394, 395 ; *Smith v. Thomas*, 29 Mo. 307, 315 ; 1 Greenl. Ev., ch. 15 ; 2 Whart., sec. 920. (2) The court erred in refusing the instructions, numbered 1, 2 and 3, asked by plaintiff. Instruction, numbered 1, properly declares

the law and practice where a party relies upon payment or satisfaction as a defense to an action on contract. *Yarnell v. Anderson*, 14 Mo. 619 ; *Ware v. Lee*, 26 Mo. App. 99 ; *Powell v. Charless*, 34 Mo. 485 ( see 495 ); 2 Greenl. Ev., sec. 516 ; *State v. Melton*, 8 Mo. 417 ; 1 Greenl. Ev., sec. 74.

*Dinning & Byrns*, for respondent.

(1) It was competent for defendant to show by parol evidence that the consideration he was to receive for his interest in said partnership property was $16,000, and his account of $500.16. 1 Greenl. Ev. [14 Ed.] secs. 285, 286 ; *Nedwideck v. Meyer*, 46 Mo. 600. (2) If there was nothing in this case but a sale of certain personal property, referred to in the bill of sale, yet we would have the right to show that the account in question did not pass, and that defendant signed the paper with that express understanding. 1 Greenl. Ev., secs. 286, 287 ; 2 Whart. Ev., secs. 928, 929 ; *Brown v. Brown*, 90 Mo. 184 ; *Coal Co. v. McShane*, 75 Pa. St. 238 ; *Shughart v. Moore*, 78 Pa. St. 469 ; *Murray v. Dake*, 46 Cal. 644 ; *Renshaw v. Gans*; 7 Barr, 117 ; *Taylor v. Gilmen*, 25 Vt. 412 ; *Bonney v. Morrell*, 57 Me. 368 ; *Busher v. Forbes*, 36 Md. 154 ; *Nuvile v. Keiler*, 13 Mo. App. 189.

BIGGS, J.—The plaintiff sues in his first count to recover the sum of $500 alleged to be due him from the defendant on account. We need only treat of this count. Prior to January 31, 1888, the parties were partners. On that day the firm was dissolved, and the plaintiff purchased the defendant's interest in the property of the concern. At the time of the dissolution and purchase, the defendant was indebted to the firm on open account in the sum of $500. This alleged indebtedness is the subject-matter of this suit. The plaintiff claimed that, by his contract of purchase, the defendant's interest in this indebtedness passed to him. The

defendant denied it. The case was submitted to the court sitting as a jury, and the finding and judgment were for the defendant.

The plaintiff asked, and the court refused to give, the following instructions: "1. The court declares the law to be that, the plaintiff having brought his action on account, and the answer of the defendant being a general denial of the averments of said petition, and the defendant by his testimony asserting that the debt sued for by plaintiff in the first count of his petition had been settled, or paid, in and by the sale by defendant to plaintiff of the real estate, personal property and merchandise mentioned in the deed and bill of sale read in evidence by plaintiff, and the plaintiff by his testimony denying that said account was settled, then the burden of proof is upon the defendant to establish to the satisfaction of the court that said account was so settled.

"2. The court declares the law to be that, if the court sitting as a jury shall find from the evidence in the cause that the bill of sale read in evidence by plaintiff was executed by defendant to plaintiff at the time of the sale and transfer by defendant to plaintiff of defendant's real estate, personal property and merchandise, and that by said bill of sale defendant sold and transferred to plaintiff among other property all book accounts due the firm of J. & J. O. Long, and that among said book accounts due said firm was the one mentioned in the first count of plaintiff's petition, then it is not competent for the defendant to show by parol evidence that the account due said firm by the defendant was not embraced in said bill of sale and transfer, and the plaintiff is entitled to recover on said first count."

The controlling question in the case relates to the action of the circuit court in admitting testimony, which the plaintiff claims was in contradiction of the terms of the written contract between the parties.

Long v. Long.

The evidence, upon which these instructions were predicated, may be thus stated: It is conceded that the firm owned a great deal of real estate, and a large quantity of personal property, consisting of live stock, farming implements, book accounts, etc. It is also conceded that the negotiations for the purchase of the defendant's interest rested exclusively in parol, if we except two unsigned statements or memoranda delivered by the plaintiff to defendant as follows: "*First.* If I except your proposition, you said you would give time. Please give me your terms of payment and rate of interest in writing."

"*Second.*

| | | |
|---|---|---|
| James Long, ( Note)................ | $6,000 | 00 |
| Co., note......................... | $7,227 | 05 |
| Interest to January 30, 1888........... | 746 | 74 |
| Dr. from U. M. & S. Co.............. | 271 | 00 |
| Co. note........... ................ | 1,800 | 00 |
| | " $16,044 | 79 |

"January 31, 1888."

It was admitted that there was but one contract of purchase, and that it included the defendant's interest in both the realty and personalty. In consummation of a portion of the sale the defendant executed and delivered to the plaintiff a deed to the real estate, in which a consideration of $16,000 was named. The defendant also executed a bill of sale which was read in evidence by the plaintiff, in which the defendant assigned to the plaintiff his interest in all personal effects, including book accounts due the firm. This paper was dated on the thirty-first day of January, 1888, and the consideration named is $2,500. The plaintiff testified in addition to this that the defendant owed the account; that he bought his interest in the firm for $16,000, and that it was expressly agreed that the purchase should include the defendant's account. The defendant was permitted, against the plaintiff's objection, to testify that his account was not intended to be

transferred by the bill of sale ; that the contract of purchase was oral and included his interest in the real estate as well as the personalty ; that the consideration agreed on therefor consisted of the items contained in memorandum 2, and his account due the firm ; and the bill of sale and deed were executed after the sale and in consummation of it.   There was other testimony introduced in corroboration of both sides, which it is not necessary to mention.

The main point on which the plaintiff relies for a reversal is, that the bill of sale must be treated as the final contract in respect of the sale of the personal effects, and that, under well-established rules of law, parol evidence is not admissible to change, vary or contradict it.   It may be observed at this point that the plaintiff was not content to rely solely on the bill of sale to prove the transfer in the first instance, but gave his version of the terms of the original oral contract, to the effect that it was expressly agreed that the defendant's account was to pass to him.   We will, however, pass this by, and assume, for the sake of argument, that the bill of sale must be regarded as the final agreement between the parties touching the personalty.

The rule invoked by the plaintiff is thus stated by Mr. Phillips in his treatise on the law of evidence.   "It is a general rule that extrinsic evidence cannot be admitted to contradict, add to, subtract from or vary the terms of a written instrument."   2 Phil. on Ev. [ Edw. Ed.] 637.   Mr. Greenleaf, in treating of this rule of evidence, says : "It is also to be kept in mind that, though the first question in all cases of contract is one of interpretation and intention, yet the question, as we have already remarked, is not, what the parties may have secretly and in fact intended, but what meaning did they intend to convey, by the words they employed in the written instrument.   To ascertain the meaning of these words, it is obvious that parol evidence of extraneous facts and circumstances may in some cases be

admitted to a very great extent, without in anywise infringing the spirit of the rule under consideration." 1 Greenl. Ev. [Red. Ed.] sec. 282. Again the same author says (1 Greenl. Ev., sec. 286): "As it is a leading rule, in regard to written instruments, that they are to be interpreted according to their subject-matter, it is obvious that parol or verbal testimony must be resorted to in order to ascertain the nature and qualities of the subject to which the instrument refers. Evidence which is calculated to explain the subject of an instrument is essentially different in its character from evidence of verbal communications respecting it. Whatever, therefore, indicates the nature of the subject is a just medium of interpretation of the language and meaning of the parties in relation to it, and is also a just foundation for giving the instrument an interpretation, when considered relatively, different from that which it would receive, if considered in the abstract. Thus, where certain premises were leased, including a yard, described by metes and bounds, and the question was, whether a cellar under the yard was or was not included in the lease, verbal evidence was held admissible to show that, at the time of the lease, the cellar was in the occupancy of another tenant, and, therefore, that it could not have been intended by the parties that it should pass by the lease."

Now in this case the property conveyed by the bill of sale is thus described: "My entire interest in all the partnership property belonging to James and John O. Long, consisting of horses, mares and colts, mules, cattle, hogs, wagons, harness, farming implements, corn, hay, oats, and also stock merchandise, books, and *accounts* and notes." The defendant's evidence tended to prove that it could not have been the intention of the parties for his individual account to pass by the bill of sale, for the reason that, under the contract of sale, it had been canceled and was no longer in existence. This evidence did not "contradict, add to, subtract from or

vary," the bill of sale. It merely identified its subject-matter. The language of the instrument in respect of the accounts transferred was general, and not specific, and the evidence was competent to explain it. If the bill of sale had in terms mentioned the account and provided for its transfer, then the rule of evidence contended for would be applicable.

Let us look at this question from another standpoint. The defendant testified that the execution of the bill of sale was the last act or the final consummation of the business between the parties. Now suppose he had offered to prove that, prior to the execution of the bill of sale, the amount of his account had been deducted from, or had been credited on, one of the plaintiff's notes to him. Is it possible that he could not in this action show this as evidence that the parties could not have intended a transfer of the account by the bill of sale? It would be a strange law if he could not. There. seems to us to be no difference in principle in the case sought to be made by the evidence that was introduced in this case. We will have to rule this assignment against the plaintiff.

We are also of the opinion that the court did right in refusing the plaintiff's first instruction. The defendant admitted in his testimony that he owed the $500 at the time he sold his interest to the plaintiff, but he denied that it was the agreement that his interest in the account should be transferred to the plaintiff. This made it incumbent on the latter to establish the transfer. It may be conceded that the bill of sale made a *prima facie* case for the plaintiff, and that, in the absence of any countervailing proof, he was entitled to a finding on this issue. But this in no way shifted the burden of proof. After the defendant produced evidence tending to rebut the *prima facie* case, it remained for the plaintiff to establish the assignment by a preponderance of all the evidence in the case. Strictly and legally speaking we understand that, so long as the evidence is

directed to the same proposition of fact, the burden of proof is never shifted from the party who has it in the first instance.

By the instruction given on the court's own motion, it is obvious that the right of recovery was made to depend solely upon the fact, that there had been a transfer of the indebtedness. The finding was for the defendant, and there is abundant evidence in the record to support it. With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered. Judge ROMBAUER concurs in the result only.