V. P. BOZEMAN *et al.*, Appellants, v. WILLIAM FIELDS *et al.*, Respondents

### St. Louis Court of Appeals, April 21, 1891.

Chattel Mortgages: SUFFICIENCY OF DESCRIPTION OF THE MORTGAGED PROPERTY. Where the personal property mortgaged remains in the possession of the mortgagor, the description of it in the mortgage must, as against a *bona fide* purchaser for value from the mortgagor, be such as to enable third parties to identify the property with the aid of such inquiries as the instrument itself suggests. And *held* that a description of the property as "two iron gray mares, three and four years old, respectively," without more, and even without anything to show where the animals were, was insufficient for that purpose.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*W. C. Brown*, for appellants.

The mortgage should have been admitted in evidence and should have gone to the jury to be considered by them. Thompson on Trials, sec. 1453. It is universally held to be the true doctrine that the identity of property described in a mortgage is a question of fact for the jury, and parol testimony is admissible in aid of the instrument. Jones on Chattel Mortgages, secs. 54, 54 *a; State v. Babb*, 76 Mo. 504.

*J. L. Fort* and *Houck & Keaton*, for respondents.

The mortgage does not state that the gray mares were in the state of Indiana at the time of its execution, much less that they were in Posey county, and still less on what farm or in what particular place they were. This defect is fatal even if they were otherwise sufficiently described. *Muyr v. Blake*, 57 Ia. 662 ; *Bank v. Brown*, 14 N. E. Rep. ( Ind. ) 358 ; Jones, Chat. Mort., sec. 54 *a*, and notes. But the description as set out in the mortgage itself is not otherwise sufficient. *Kelly v. Ried*, 57 Miss. 89, approved in *Stonebraker v. Ford*, 81 Mo. at page 539. And this doctrine that the instrument must locate the property, giving present or past ownership and a full description is clearly sustained by the authorities. *Warder v. Wilson*, 36 N. W. Rep. 719 ; *Barrett v. Fisch*, 41 N. W. Rep. 310 ; *Cowden v. Lockridge*, 60 Miss. 385 ; *Chandler v. West*, 37 A. 631 ; *Tindale v. Wasson*, 74 Ind. 495–500 ; *Cass v. Gunnison*, 58 Mich. 108–115 ; *Caldwell v. Trowbridge*, 68 Ia. 150 ; *Rhutasel v. Stephens*, 68 Ia. 627.

BIGGS, J.—Counsel discuss several questions in their respective briefs, but, under the conclusion arrived at by us, we need only pass on the sufficiency of the description of the property in suit in a mortgage of it.

This is an action in replevin to recover from the defendants the possession of two iron gray mares, aged respectively three and four years. The plaintiffs claim title to the animals under a mortgage executed by one Austin A. Graham. On the trial the circuit court, on the defendants' objection, excluded the mortgage as evidence. Thereupon the plaintiffs submitted to a voluntary nonsuit with leave to move to set it aside. The court refused to vacate the judgment of nonsuit, and the plaintiffs have appealed.

The mortgage relied on by the plaintiffs is as follows : "This indenture witnesseth, that Austin A.

Graham, of Posey county, in the state of Indiana, mortgages and warrants to V. P. Bozeman & Co., of the state of Indiana, the following *real estate* in Posey county, in the state of Indiana, to-wit: An undivided one-fifth interest in and to the south half of the southeast quarter of section number thirty-six (36), in township number three (3), south, range number thirteen (13), west; also, ten acres off of the southeast quarter of the above-named section, township and range; *also, two iron gray mares, three and four years respectively;* also, twenty acres of growing corn; in the payment of his promissory note of even date herewith for $500 due in four months from date, with eight-per-cent. interest after maturity. Said note is in favor of the said V. P. Bozeman & Co., negotiable and payable at the banking house of V. P. Bozeman & Co. at Poseyville, Indiana, with five-per-cent. attorney's fees thereon, and the mortgagor expressly agrees to pay the sum of money above secured without relief from valuation or appraisement laws, together with attorneys' fees," etc. The instrument was acknowledged before a notary.

One among the very many objections, which were urged to the introduction of this mortgage in evidence, was that the description of the mares was so indefinite as to render the instrument void in regard to them. We will direct our attention to this objection.

Under the pleadings it is admitted that the defendant Fields was in possession of the property at the time the suit was instituted, and that he was a purchaser of it for value. It is also admitted that his codefendant had nothing to do with the animals. Hence, in disposing of the question, we will discuss the law as applicable to contests between the mortgagee and third parties.

The general rule, as established by the text-books and decisions, is to the effect, that the description of personal property in a chattel mortgage, where the possession is retained by the mortgagor, will be held sufficient to pass the title as to third persons, where it is such as

enables third parties, *aided by inquiries which the instrument itself suggests, to identify the property.* Our supreme court in the case of *Stonebraker v. Ford,* 81 Mo. 532, stated the rule this way: "Where the recording of a mortgage, as under our statute, takes the place of actual delivery of the mortgaged property, the mortgage, to be effectual, must point out the subject-matter of it 'so that a third person by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the property covered.'" This court has announced the same doctrine. *Jennings v. Sparkman,* 39 Mo. App. 663.

The description of the two mares in the mortgage in controversy is of the most general character. The animals are not identified by any marks or brands, or by anything that would distinguish them from any other iron gray mares of the same ages in the state of Indiana. In fact there is nothing in the mortgage to show that they were, at the date of the execution of the mortgage, *in* the state of Indiana. For aught that appears they might have been in some other state. A description of this kind is often helped out by locating the property; but the *locus* must appear from the mortgage itself. Where this is done, parol proof may be resorted to for the purpose of further identification. *Rhutasel v. Stephens,* 68 Iowa, 627; *Campbell v. Allen,* 38 Mo. App. 27; *State ex rel. v. Cabanne,* 14 Mo. App. 294; *LaFayette County Bank v. Metcalf,* 29 Mo. App. 384; *Chandler v. West,* 37 Mo. App. 631.

Under the adjudicated cases in this state, we are compelled to decide that the circuit court did right in excluding the mortgage as evidence.

It will not be necessary to notice other questions urged in support of the action of the trial court. With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.