THOMAS B. HUNTER to the Use of NEWTON COUNTY CO-OPERATIVE ASSOCIATION, Respondent, v. H. C. McELHANEY *et al.*, Appellants.

St. Louis Court of Appeals, February 16, 1892.

1. **Practice, Appellate:** NON-PREJUDICIAL ERROR. The admission of evidence, claimed to be incompetent, to disprove a plea of *res adjudicata* is not prejudicial, when a peremptory instruction to the jury to find against the plea would have been warranted by the other evidence in the case.

2. **Instructions:** BURDEN OF PROOF : NON-DIRECTION. The failure of the trial court to instruct the jury in regard to the burden of proof amounts to non-direction when no such instruction is asked, and, therefore, does not constitute error.

*Appeal from the Newton Circuit Court.*—HON. JOS. CRAVENS, Judge.

AFFIRMED.

*A. J. Harbison* and *O. L. Cravens*, for appellants.

*George Hubbert* and *J. C. Geyer*, for respondent.

BIGGS, J.—In the year 1888 the plaintiff as constable levied upon a lot of brick as the property of one

B. S. Kelly, who was the defendant in an execution in favor of McElhaney, one of the defendants in the present action. After the levy and before the sale the Newton County Co-Operative Association, a corporation, claimed the property, and in pursuance of section 3023, Revised Statutes, 1879, then in force, delivered a written notice of its claim to the constable. Thereupon, the defendant McElhaney, as principal, and his codefendants in the present action as his sureties, executed and delivered to the plaintiff a forthcoming bond, as required by law. The present action, which is prosecuted by the association in the name of Hunter, is based on that bond. It is alleged in the petition that the property belonged to the association, and that by reason of the seizure its value has been lost to the owner. The petition contained the further allegations that, after the execution of the aforesaid bond, the association, believing that the obligors therein were insolvent, instituted a suit of replevin against the constable for the possession of the property; that upon the trial of the replevin suit the court instructed that, if the jury found that the constable had taken a good bond, then the verdict must be for him. The jury so found, and, it appearing that the property had been delivered to the association, and the constable so electing, judgment was entered for the value of the property as assessed by the jury, which judgment the association afterwards paid. The defendants' answer contained a general denial, and also a plea of *res judicata*. It was averred that the title to the property levied upon had been litigated in the replevin suit, and that that adjudication, which was adverse to the title of the association, estopped it from again asserting such title in the present action. Upon these pleadings the case was tried and submitted to a jury, and the verdict and judgment were for the plaintiff in the sum of $170. The defendants have appealed.

I.  On the question of *res judicata*, the court on the plaintiff's motion gave the following instruction: "The court instructs the jury, that unless they believe from the evidence that the question as to the right and ownership of the brick in question was tried and decided by the court in the replevin case of the Newton County Co-Operative Association against Hunter, the constable, then the plaintiff is not barred or precluded from asserting or proving the truth of such right and ownership in this case; and in determining the question as to whether such ownership was determined in the former action by replevin, it is competent to take into consideration, with the other evidence, *the oral testimony of the witnesses as to the evidence introduced in the course of the trial in that case*, and the plaintiff is not bound alone by the pleadings and judgment as they appear in that case *prima facie*." The defendants objected to that portion of the instruction in italics. It is stated in the bill of exceptions that the plaintiff introduced evidence tending to prove the averments in the petition.  It is also stated that the defendants, to sustain their plea of *res judicata*, ' read in evidence the petition in the replevin suit, which contained the usual averments of ownership and right of possession ; also the answer of Hunter in said suit, which contained a general denial, and also a special defense setting forth the levy, the claim made by the association to the property which he had seized under the execution ; and the delivery to him of the forthcoming bond ; and that the judgment, which recited that the issues were found for Hunter, was also read in evidence. The bill of exceptions contained the further recitals, that the plaintiff in rebuttal introduced evidence tending to disprove the defense of a former adjudication, and that it read in evidence the instruction of the court upon which it found for Hunter in the replevin suit.  The

instruction reads: "If the court believes from the evidence that said defendant, Thomas B. Hunter, constable of Neosho township, levied and seized upon a certain lot of brick described in plaintiff's petition by virtue of two executions issued from the office of William Pence, justice of the peace of Neosho township, wherein Markey and Moore are plaintiffs in one of said suits, and H. C. McElhaney is plaintiff in the other, and B. S. Kelly is defendant in both of said suits, as the property of said Kelly; that the said Newton County Co-Operative Association did deliver to said constable a written notice verified by affidavit of George Graves, its agent, stating that said association was in good faith the lawful owner of the entire interest in the brick therein described, and that said Kelly had no right or title whatever in said property claimed by said association, and that the claim was not made in collusion with the said Kelly for the purpose of hindering or delaying the creditors in obtaining their just rights; that the said constable did take of the said Markey and Moore, and of the said H. C. McElhaney, their bonds payable to himself and with good security, conditioned to indemnify him against all damages and costs which he might sustain in consequence of the seizure and sale of the property on which the execution had been levied, and moreover to pay and satisfy any person or persons claiming title to said property all damages which such person or persons shall sustain by reason of such seizure and sale; that said constable did approve said bonds given as aforesaid, and did return said bonds with said executions in said causes to said justices of the peace, then the finding of the court should be for the defendants."

It seems from this instruction that the court admitted oral evidence tending to prove that the title to the brick was not litigated in the replevin suit. If we rightly understand the position of the defendants' counsel, no harm could have resulted to their clients, either on account of the admission of such evidence, or

by reason of that portion of the court's instruction which authorized the jury to consider it in determining the question of *res judicata*. We quote from the brief: "There can be no doubt from the declaration of law read in evidence as to the theory upon which the court decided the replevin suit. The record, including pleadings and finding of the court, in replevin case, having been introduced in evidence, and it showing beyond any question as to what issue and fact the replevin suit had decided, it was error to permit said record to be followed by oral testimony; more especially was it reprehensible, inasmuch as the oral testimony tended to prove only in a less reliable way the very fact that the record itself proves." This argument leads logically to the conclusion that the court would have been justified in directing the jury to find the question of former adjudication against the defendants without the introduction of oral testimony. How then were they prejudiced by the introduction of such evidence, which according to their own theory was unnecessary for their defeat on that issue? The plaintiff, according to the defendants' argument, simply assumed an unnecessary burden of which the defendants ought not to complain. We conclude that the objection to the instruction is not tenable, and, therefore, the assignment will be ruled against the defendants.

II.    It is insisted in the second assignment that the judgment in the replevin suit made a *prima facie* case for the defendants on the question of *res judicata*, and that thereafter the burden of proof rested on the plaintiff to prove by other satisfactory evidence that the title to the brick was not in fact adjudicated. The complaint is, that the court failed to instruct the jury as to the burden of proof. If it be conceded that the burden of proof as to that issue did shift to the plaintiff, concerning which the members of this court are not agreed (*Long v. Long*, 44 Mo. App. 141), we have only a case of non-direction. It was the duty of the defendants to

:ask for the instruction, if they were of the opinion that they were entitled to it. This assignment will be likewise ruled against the defendants.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. So ordered.