CHRISMAN-SAWYER BANKING COMPANY, Respondent, v. STRAHORN-HUTTON-EVANS COMMISSION COMPANY, Appellant.

**Kansas City Court of Appeals, May 8, 1899.**

1. **Chattel Mortgage**: DESCRIPTION: IDENTIFICATION: EVIDENCE. The testimony of a witness that with the description in the mortgage he could identify the cattle called for was no more than an identification of the property, which, though a conclusion, is legitimate evidence.

2. ――――: ――――: ――――: INSTRUCTIONS. Certain instructions relating to the identification of the cattle described in a chattel mortgage, are held proper, and the fact that a portion of the property is not sufficiently described does not invalidate the mortgage as to the portion properly described.

3. ――――: UNMATURED DEBT: PREMATURE ACTION: ANTAGONISTIC CLAIM. Where the mortgagor remortgages to a second mortgagee and the latter takes possession and both acts are in antagonism to the first mortgagee's right, the condition against sale is broken and the first mortgagee may sue notwithstanding his debt has not matured.

*Appeal from the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

BOTSFORD, DEATHERAGE & YOUNG for appellant.

(1) The court erred in the admission of the plaintiff's mortgage in evidence. Said mortgage is void, because of the

indefiniteness and uncertainty of the description of the two hundred head of cattle described therein. Mackey v. Jenkins, 62 Mo. App. 618; Stonebraker v. Ford, 81 Mo. 532. (2) The question asked by plaintiff's counsel of the witness, Sawyer, whether the cattle seen by him were the same as those described in plaintiff's mortgage, and whether he could distinguish the cattle mortgaged from the other cattle on the same premises and in the same herd, called for a conclusion, invaded the province of the jury, and was therefore erroneous. Bank v. Shackelford, 67 Mo. App. 475; Williamson v. Bank, 69 Mo. App. 368. (3) Even in those cases where there is enough on the face of the mortgage to so identify and locate the cattle described therein as to render it *prima facie* good considered by itself, yet if the opposing evidence tends to show that there was at the same time, on the same farm and running together, more than the number mortgaged, of a like description, the mortgage is void for uncertainty of description in fact. Bank v. Metcalf, 29 Mo. App. 385; Estes v. Springer, 47 Mo. App. 100. (4) The first instruction given by the court for the plaintiff and excepted to by defendant, is erroneous, because it assumes that the mortgage to plaintiff sufficiently described said cattle. (5) The court erred in refusing defendant's second instruction.

FLOURNOY & FLOURNOY and KARNES, HAGERMAN & KRAUTHOFF for respondent.

(1) The mortgage to the plaintiff was executed and recorded on September 30, 1897, and described certain cattle then on the said Owens farm. Now what other cattle were then on the farm? This was a controlling question under the instructions given for the defendant, and especially numbers 4 and 5. On this point the evidence was somewhat conflicting, but the verdict shows what testimony was accepted by the jury. (2) The witness, A. F. Sawyer, visited the

farm with his mortgage in hand. . He personally observed the cattle he saw there.   On examination his attention was called to the specific cattle named in his mortgage and then he was asked whether he could have picked out the different descriptions.   It was a question of identification.   But there is no evidence that any class contained any excess, and the presumption will be in favor of the validity of the mortgage, in all its parts.   Kelly v. Reid, 57 Miss. 89; Jones on Chat. Mort., sec. 56.   It furnishes one of the exceptions to the general rule against stating conclusions.   It is for the cross-examiner to develop the facts upon which he arrives at the conclusion, and then the weight of the testimony is for the jury.   Greenwell v. Crow, 73 Mo. 638; Straus v. Railway, 86 Mo. 432; Eyerman v. Sheehan, 52 Mo. 223; Haymaker v. Adams, 61 Mo. App. 585; State v. Dickson, 78 Mo. 446; Turner v. McFee, 60 Ala. 468; Commonwealth v. O'Brien, 134 Mass. 198.   (3) The criticism of plaintiff's first instruction certainly is unjust. The second instruction asked by the defendant was rightfully refused.   (4)   The chattel mortgage is a favorite security, used in many of the smaller affairs of business, and the law does not contemplate that it should be drawn with the care and precision of the more important real estate mortgage.   The principal requisite is that the property should be so described and located that anyone examining the record can identify it and thus avoid being misled.   Williamson v. Bank, 69 Mo. App. 368, 376; Ranney v. Meisenheimer, 61 Mo. App. 435, 439; McNichols v. Fry, 62 Mo. App. 13; Boeger v. Langenberg, 42 Mo. App. 7; Bozeman v. Fields, 44 Mo. App. 432, 434; Estes v. Springer, 47 Mo. App. 99, 102; State ex rel. v. Althaus, 60 Mo. App. 122, 126; Mackey v. Jenkins, 62 Mo. App. 618, 621; Hughes v. Menefee, 29 Mo. App. 192, 204; Bank v. Metcalf, 29 Mo. App. 384, 394; Jones on Chat. Mort., sec. 55; Brown v. Holmes, 13 Kan. 482; Shaeffer v. Pickrell, 22 Kan. 623; Cobbey on Chat. Mort., sec. 161;

Wells v. Wilcox, 68 Iowa, 708; Kenyon v. Trammel, 71 Iowa, 693; Comins v. Newton, 10 Allen, 518.

ELLISON, J.—John Duckworth owed plaintiff a note of $1,500 with interest which he secured on the day of its date, September 30, 1897, by giving to plaintiff a chattel mortgage on a lot of cattle described and located on a certain farm. On the next day he gave to defendant a chattel mortgage on a lot of cattle located as being on the same farm, many of them being the same which had been mortgaged to plaintiff. Afterwards defendant took possession of the cattle claimed by plaintiff as being in its mortgage and converted them, defendant claiming the cattle under its mortgage. Plaintiff then instituted this action claiming the cattle converted amounted to more than the note and asked as damages the amount of the note and interest. Plaintiff recovered the full amount in the trial court.

STATEMENT.

It is not disputed that plaintiff had the prior mortgage, but its validity is attacked on account of indefiniteness and insufficiency of description, which was as follows: "25 head of heifers, one-year-old, about one-half of them having white faces, other half of said number of heifers being graded shorthorns; 25 head of white faced weanling heifers; 50 head of graded shorthorn heifers, weanlings; 25 head of white faced weanling bulls; 25 head of shorthorn weanling bulls; 25 head of white face yearling bulls; 25 head of shorthorn yearling bulls; all of said stock now being on the Jos. J. Owens farm in Blue township, Jackson county, Missouri, north of Independence; said farm fronting east on North Liberty street extended."

One of the grounds of the objection goes to the claim that there were other cattle of the same description on the Owens farm. Another was that the description in defendant's mortgage described the cattle on the farm with accuracy, while that

of plaintiff was not such as to identify them or to suggest data whereby they might be identified.    There was evidence in the cause tending to support the theory of either side to the controversy and therefore the verdict for plaintiff must be allowed to stand unless there was error in the admission of evidence or in the instructions passed on by the court.

Plaintiff's president, who had been among the cattle, was permitted to answer that with the description in the mortgage he could select out or identify the cattle called CHATTEL mortgage: description: for from others that were on the Owens farm. identification: evidence. It was no more than an identification of property.    An identification of a person or of property, however certain or positive, is at last but a belief or conclusion and it has always been held legitimate to state it.    The question related to a time when he was at the farm looking at the cattle and whether he identified them there as the cattle in his mortgage as distinguished from other cattle.    We can see no objection to this.

The instructions we regard as unexceptionable.    Those for the defendant directed the jury to find for defendant if they found from the evidence that on the farm instructions. where the mortgaged cattle claimed by plaintiff were located there were any greater number of the same kind or class than the number called for in the mortgage, so that they could not be distinguished from those called for in the mortgage; or that a third person, aided by the description in the mortgage and such inquiries as it suggested, could not identify those claimed in plaintiff's mortgage, then the description was invalid.

Those for plaintiff were to the same general effect, except that they permitted a recovery by plaintiff of any part of said cattle which could have been identified; instructions 2 and 4 being as follows:    2.    "And the court instructs you that if from the mortgage itself, together with such reasonable inquiries as the mortgage itself suggests, said cattle or any part

thereof could be identified, then this was a sufficient descrip-
tion of those so identified as required by the ·other instruction
given for the plaintiff." 4. "The court instructs the jury
that the said note of fifteen hundred dollars bears interest at
the rate of eight per cent per annum from September 30th,
1897, and if you find for the plaintiff, then you will ascertain
how many of said cattle could be so identified, and also the
value thereof; and if such value exceeds the amount of said
note and interest, then your verdict will be for said note and
interest; but if you find that the value of those so identified is
less than said note and interest, then your verdict will be for
such value and no more."

We regard these as proper since, though a portion of the
property was not sufficiently described for identification, it
would not make the mortgage invalid as to that portion which
was sufficiently described.

When this action was instituted plaintiff's note was not
due and defendant contends that the suit was prematurely
brought. It is urged that the mortgagor until condition
broken by failure to pay the debt when due had a legal right
to sell the property to another. The mortgage in controversy
has the usual safety clause against a sale by the
mortgagor. Whether this provision would
amount to a breach of the ·conditions of the
mortgage where the sale of the chattels was to
another subject to and in recognition of the mortgage need not
be decided. It was in substance so held where the property re-
mained in the county unchanged in form and the mortgagee
exercised his option by demanding the property of the sheriff
who had levied upon it. State ex rel. v. White, 70 Mo. App.
1. But in this case the mortgage made by the mortgagor to
this defendant and defendant's taking possession were not in
recognition of the prior mortgage to plaintiff. Both acts were
in antagonism to plaintiff's mortgage and without doubt broke
the condition and authorized plaintiff's suit notwithstanding

—: unmatured
debt: premature
action: antago-
nistic claim.

the debt was not yet due.   Bank v. Metcalf, 40 Mo. App. 494, 501; Bank v. Morris, 114 Mo. 255. ·

We find nothing in the record to justify an interference with the judgment and order its affirmance.    All concur.