THE JONES BROTHERS LIVE STOCK COMMISSION COMPANY, Appellant, v. J. FRANK LONG, Respondent.

Kansas City Court of Appeals, June 3, 1901.

1. **Chattel Mortgages:** DESCRIPTION: LOCATION: INNOCENT PURCHASER. If a general description of personal property in a chattel mortgage locates it as being in one place when in fact it was

in another place, the mortgage is void as to innocent purchasers without notice.

2. ———: ———: SUFFICIENCY OF: INSTRUCTION. A mortgage to be effectual must point out the subject-matter of it, so that a third person by its aid together with the aid of such inquiries as the instrument itself suggests, may identify the property; and an instruction to that effect is approved.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*J. H. Hunter* for appellant.

(1) We understand the rule to be that it is not necessary that the property be so closely described as to be capable of being identified by the written recitals, but if the instrument suggests enough so that by the description and inquiries it suggests, the property may be identified, it will be sufficient. Jones on Chat. Mortg. (2 Ed.), sec. 55; State ex rel. Blake v. Cabanne, 14 Mo. App. 294; Bank of Odessa v. Jennings, 18 Mo. App. 657; Campbell v. Allen, 38 Mo. App. 31; Jennings v. Sparkman, 39 Mo. App. 663; Boeger v. Langenberg, 42 Mo. App. 7; Mackey v. Jenkins, 62 Mo. App. 618; Banking Co. v. Commission Co., 80 Mo. App. 438; Johnson v. Hutchison, 81 Mo. App. 299. (2) If a portion of a description is false or inconsistent with the rest, it is to be rejected, if the remainder of the description is sufficient to identify the property, and this does not affect the validity of the mortgage. Jones on Chat. Mortg. (2 Ed.), secs. 61, 63; Dodge v. Porter, 18 Barb. (N. Y.) 193; Goff v. Pope, 83 N. C. 123; King v. Aultman, 24 Kan. 246. Parol evidence is admissible to cure such defects, and to identify the property.

Jones on Chat. Mortg. (2 Ed.), sec. 64; Bank of Odessa v. Jennings, 18 Mo. App. 657; Banking Co. v. Commission Co., 80 Mo. App. 438; Jones on Chat. Mortg. (2 Ed.), sec. 53; McNichols v. Fry, 62 Mo. App. 13. (3) The jury being led to believe, or understand, by the instruction that defendant Long was not required by the law to do more than merely compare the cattle and the recitals in the instrument, could readily reach the conclusion, and evidently did, that any inaccuracy of description in the mortgage, would justify the defendant in the conclusion that the mortgage was ineffectual to hold the cattle, and he could buy with impunity, being released thereby from further inquiry, and there is no evidence tending to show that defendant Long made any inquiry, or in any manner sought to ascertain whether or not the cattle were mortgaged, or any attempt made to mortgage them. (4) The mortgages were all filed or recorded in Benton county, Missouri. The law requires mortgages of personal property to be filed or recorded in the county where the grantor or mortgagor resides. When this is done the mortgagee has complied with all requirements, and is entitled to promised protection. R. S. 1899, sec. 3404; Bevans v. Bolton, 31 Mo. 437; Fahy v. Gordon, 133 Mo. 414; Mercantile Co. v. Perkins, 63 Mo. App. 310; Bank v. Holman, 63 Mo. App. 492; Jones on Chat. Mortg. (2 Ed.), secs. 250, 251. And it is of no consequence that the mortgaged property was, at the time, situated in another county than where the mortgagor resided. Bank v. Holman, 63 Mo. App. 495; Jones on Chat. Mortg. (2 Ed.), sec. 251; Singleton v. Young, 3 Dana (Ky.) 559; Vaughn v. Bell, 9 B. Mon. (Ky.) 447. (5) A misdescription of the location of the property does not invalidate the mortgage if it can be identified by parol evidence. Jones Chat. Mortg. (2 Ed.), sec. 61; Goff v. Pope, 83 N. C. 123. (6) The recording of the mortgages imparted notice to defendant Long and to

every other person, and the removal of the property to another county could not destroy the lien. R. S. 1899, sec. 3404; McNichols v. Fry, 62 Mo. App. 13; Miller v. Whitson, 40 Mo. 98; Feurt v. Rowell, 62 Mo. 524.

*Alf. F. Rector* and *M. P. Lyons* for respondent.

(1) The instruction contains the correct statement of of the law. And the same doctrine is stated in instruction four, asked by plaintiff. Bozeman Estate v. Fields, 44 Mo. App. 432; Banking Co. v. Commission Co., 80 Mo. App. 443; Stonebraker v. Ford, 81 Mo. 532. (2) The location is a very important part of the description of the cattle. This is not a case of removal after the mortgage was given. This court has held that when the mortgage states that the property was in one county when in fact it was in a different county, such mortgage is void. Mackey v. Jenkins, 62 Mo. App. 618; Furniture Co. v. Davis, 76 Mo. App. 512.

BROADDUS, J.—This is a replevin suit to recover possession of certain cattle which the plaintiff and defendant claim under and by virtue of two chattel mortgages—one dated the nineteenth day of August, 1898, and executed by Walter Hubbard of Benton county, Missouri, to secure the plaintiff in the sum of $1,202.79; and the other dated the thirteenth day of October, 1898, also executed by Hubbard, to secure the plaintiff in the sum of $1,599.62. Both of these mortgages were duly recorded in Benton county, the residence of the mortgagor. The defendant became the purchaser of some of the cattle claimed by the plaintiff under said mortgages.

On the trial, the finding and judgment was for the defendant, from which the plaintiff appealed. The plaintiff obtained the cattle under a writ of replevin, and the defendant

recovered for the value of the cattle replevined in the sum of $1,271 and damages to the amount of $81.995. There was also a mortgage dated June 17, 1898, but as it was shown on the trial that the defendant did not purchase any of the cattle mentioned therein, all claim under the same was abandoned by the plaintiff.

The question arising under the mortgage of August 19, 1898, was that of identification. The description in this mortgage is as follows: "Forty head of two-year-old Missouri steers, thirty-five reds and roans, four black Polled-Angus, one white. All of good quality and in good condition, all dehorned but six, no marks or brands. These are all the cattle of this class and description. These cattle are now located on my farm one and one-half miles south of Bentonville, Missouri."

The cattle included in the mortgage of October 13, 1898, are described as follows: "Forty head of three-year-old native Missouri steers, averaging in weight at this date 956 pounds, dehorned, of good colors, and have no marks or brands. I have no other cattle of this description so that the above can be identified by this fact. Twenty head of three to five-year-old cows, averaging in weight at this date 900 pounds, no marks or brands, of good colors."

The sheriff's return shows that of all the cattle described in the different mortgages, only thirty-one head were replevied.

The cattle described in the mortgage of October 13 were located in Benton county, when in fact they were at the time in Saline county, Missouri. Defendant bought these cattle on October 18, and the evidence shows that they were in Saline county from the twenty-ninth of September, previous to time when defendant purchased them. The court at the instance of the defendant gave the following instruction in reference to the cattle included in this mortgage, viz.: "The court instructs the jury that if they find and believe from the evidence that any of the cattle described in the mortgage

dated October 13, 1898, and sued for by plaintiff were in Saline county, Missouri, at the time said Hubbard executed said mortgage and had been in Saline county since the seventh day of October, and that Long knew that they were in Saline county from the seventh to the eighteenth day of October, then your finding will be for the defendant as to all such cattle so described in said mortgage which you may believe from the evidence were taken by plaintiff under the writ of replevin in this case." The giving of this instruction is claimed as error.

It has been held by this court, where the description of personal property was general and located as being in one place by the mortgage when, in fact, it was at the time in another and different place, that the mortgage was void as to innocent purchasers without notice. Mackey v. Jenkins, 62 Mo. App. 618; Furniture Co. v. Davis, 76 Mo. App. 512. In this instance, the description in the mortgage is of a very general nature, and the cattle are described as being in Benton county, whereas, they were at the time in the county of Saline. As there was no evidence that the defendant Long had any notice of the mortgage, the court was justifiable in giving said instruction. The location of the cattle, which in law is a part of the description, supplemented with the fact that the defendant purchased without notice of the mortgage, we think, fully justified the court in giving the instruction.

The description of the cattle in the mortgage of August 19, 1898, was somewhat better than that of the mortgage of October 13, and the cattle at the time were on the farm of Hubbard, the mortgagor, in Benton county, Missouri. There was evidence on both sides as to the identity of the animals, and under the evidence it was the province of the jury to determine that question. The plaintiff claims that the instruction given on behalf of the defendant did not submit that question

fairly to the jury. Said instruction is number 2 of those given for the defendant and is as follows: "The court instructs the jury that the plaintiff is claiming the title to the cattle in question as mortgagee under two mortgages executed by one Walter Hubbard of Benton county, Missouri, and before plaintiff can recover, it devolves upon the plaintiff to show by a preponderance of the evidence, that is, the greater weight of credible testimony, that the cattle taken from the defendant are the same cattle described in the mortgages, and you are further instructed that although the cattle may be the same cattle intended to be mortgaged by Hubbard in said mortgages, yet unless the cattle were in fact so described in said mortgages that when taking the description of the cattle given in the mortgages and all facts therein relating to said cattle, that the defendant could *by proper and reasonable efforts have ascertained that the cattle intended to be mortgaged* were the cattle bought by him from said Hubbard or his agent, and unless you so find that said cattle were so described in said mortgages then your finding must be for the defendant Long."

It was held in Stonebraker v. Ford, 81 Mo. 532, that a "mortgage to be effectual must point out the subject-matter of it, so that a third person by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the property covered." And similar language is used in Banking House v. Com. Co., 80 Mo. App. 443, and in Bozeman et al. v. Fields, 44 Mo. App. 432. Said instruction number 2 is, we think, a substantial compliance with the rule laid down in the foregoing cases.

We think the case was fully and fairly submitted to the jury by the instructions given. We do not feel authorized, under all the evidence in the case, to say that the verdict of the jury was excessive. Finding no error in the trial the cause is affirmed. All concur.