## THE BANK OF DARLINGTON, Appellant, v. S. H. POWERS, Respondent.

**Kansas City Court of Appeals, November 9, 1903.**

1. **Bills and Notes: CONVERSION: MEASURE OF DAMAGES.** The damages for the conversion of a note are, prima facie, the amount thereof, though this may be reduced by showing payment or that the amount was unjustly due, or by other evidence that the value is less than it purports to be.

2. **Trial Practice: INSTRUCTIONS: COVERING EVIDENCE.** An instruction purporting to cover an issue must have in contemplation all the evidence pro and con directed to such issue, otherwise it is properly refused.

3. **Bills and Notes:** CONVERSION: BURDEN OF PROOF: IN-
STRUCTIONS. The burden of proof was upon the plaintiff to show
that the note was of less value than its face, but the defendant
should have asked an instruction to that effect and can not complain
of plaintiff's instructions because they omit such requirement.

4. ——: ——: FAILURE TO COLLECT: PRACTICE. While
one who converts a note may be liable for the value of the same at
any time he could have collected it, yet where such issue is not
raised by the pleadings, which claim damages alone for a conversion,
an instruction properly restricts the issue to the damages for con-
version and not for failure to collect.

Appeal from Gentry Circuit Court.—*Hon. Gallatin
Craig,* Judge.

AFFIRMED.

*Ed. E. Aleshire* and *Sam H. Benson* for appellant.

(1)   The court erred in refusing to give defend-
ant's instruction 4, as under the law and evidence in
this case it should have been given.   By refusing it, the
jury was deprived of the right to consider the Chattin
& Butler note in arriving at their verdict.   Menkens v.
Menkens, 23 Mo. 252; Chouteau v. McGenis, 28 Mo. 187;
State to use v. Berning, 74 Mo. 87; Parker v. Straat, 39
Mo. App. 616.   (2)   The unlawful taking of chattels
of another, or if the party is in unlawful possession of
the chattels of another and alters the nature of the chat-
tels so that the owner is deprived of the right to control
or exercise control of the same, constitutes a conversion.
In this case the Bank of Darlington wiped out all of the
several notes payable to S. H. Powers by Chattin &
Butler, and took from them one note for three hundred
dollars due thirty or ninety days after date, and bearing
interest at the rate of seven per cent.   Sparks v. Purdy,
11 Mo. 220; Allen v. McMonagle, 77 Mo. 478; Ireland
v. Horseman, 65 Mo. 511; Dusky v. Rudder, 80 Mo. 400;
Bank v. Metcalf, 40 Mo. App. 494.   (3)   The court
erred in giving plaintiff's instruction 1, concerning the

Chattin & Butler note, as it limits the recovery to the actual value of the note at the time of its conversion; and then the jury are told that if they believe it was of no value then they could not allow the defendant anything. All of the testimony concerning the solvency of Chattin & Butler had reference to the day of the trial, and there never was any evidence introduced showing them solvent or insolvent in December, 1899, when the note was converted by plaintiff.

*Blagg & Cummins* for respondent.

(1) The court committed no error in refusing defendant's instruction 4, for it is clearly not the law, as it required the jury to find for the defendant in the sum of $300, at seven per cent from its date, without regard to value. Thomas Manufacturing Co. v. Huff, 62 Mo. App. 124. (2) Plaintiff's instruction 1 correctly states the law where property sued for in trover is a chose in action, as a bill, note, bond or other security for the payment of money. The measure of damages is prima facie the amount due on the security, but the defendant is at liberty to reduce that valuation by showing payment, insolvency of the maker, etc. Sedg. on Dam. (3 Ed.), p. 514 (side page 488.) Donahue v. Corby, 22 Mo. 393.

BROADDUS, J.—This is a suit on a promissory note dated December 1, 1900, for five hundred and seventy dollars, due in ninety days after date with eight per cent interest from maturity, payable at the plaintiff bank and credited with a payment of $70 made on July 23, 1901. The defense was payment.

It was disclosed on the trial that on and prior to the 28th day of May, 1895, the defendant, who was a manufacturer of well augers at the town of Stanberry, Missouri, was indebted to the Bank of Stanberry in the

sum of $5,000, which bank held a number of promissory notes belonging to defendant as collateral security for said indebtedness; that said bank collected some of said notes, but others remained unpaid, viz., a note of one J. W. Huggins and one made by two persons under the names of Chattin & Butler which defendant claimed were turned over to and held by plaintiff as collateral security for the note in suit. Plaintiff admitted that the latter was held by it as such collateral security, but denied that it held the former as such security and introduced evidence on that behalf.

There was evidence tending to show that through the negligence of one W. F. Sager, the alleged agent of plaintiff, in failing to make a proper effort as directed by defendant to collect said Huggins note while he was solvent, it became of no value because of the after insolvency and death of the maker. The plaintiff's evidence was to the effect that said Sager was not its agent but that of the defendant entrusted with the collection of said note.

The defendant testified that without his knowledge and consent a new note was taken by the plaintiff in place of the original note of Chattin & Butler, which instead of being made payable to the defendant was made payable to the plaintiff. On the other hand, plaintiff's evidence tended to show that said note was so made payable to it at the special request of the defendant, and that at all times the makers thereof were insolvent.

The finding and judgment were for the plaintiff in the sum of $416.80, from which the defendant appealed.

Appellant's contentions are, that the finding and judgment are excessive, and that the court committed error in refusing instruction numbered 4, offered on his part. The theory of appellant is that if plaintiff procured Chattin & Butler to make the note payable to itself in lieu of the former note payable to appellant, the so doing was in law an act of conversion. The court adopted this theory of the defendant, as will be seen in

instruction numbered 1, given for plaintiff; but it is insisted that the court in said instruction committed error as to the measure of damages in case the jury found there had been such conversion by plaintiff. And furthermore, that it was error of the court in refusing to give to the jury instruction numbered 4, asked by defendant.

Instruction 1, aforesaid, is to the effect that if the jury find that plaintiff converted said note that the actual value of the note at the date of its conversion should be credited to defendant, and if they found it of no value then they could not allow defendant anything on that account. Said instruction 4, refused by the court, fixed defendant's measure of damages in case of conversion at the face value of said note with interest.

Defendant has called our attention to the following authorities in support of his contention:

"In an action of trover, for the conversion of a paper evidencing a debt, the measure of damages is prima facie the amount the paper calls for though this may be reduced by showing payment, or that the amount is not justly due, or by other evidence that the value is less than it purports to be." O'Donoghue v. Corby, 22 Mo. 393; Menkens v. Menkens, 23 Mo. 252; Skeen v. Engine Co., 42 Mo. App. 158.

It will be seen from the foregoing that prima facie the face value of the note in question was the measure of defendant's damages in case the jury found that it had been converted by the plaintiff, but these authorities go further to .the extent that the prima facie value might be reduced by showing it was of less value. Defendant's said instruction leaves out of consideration entirely all the evidence of plaintiff tending to show the insolvency of the makers of said note, which is not permissible under the rule that an instruction purporting to cover an issue in a case must have in contemplation the evidence pro and con directed to such issue, for which

reason the court was justified in refusing to permit said instruction to go to the jury.

But is insisted that the burden of proof was upon plaintiff to show that the note was of less value than its face, and that the court committed an error in not so saying in its instruction 4. We think not. It was the business of the defendant to have asked the court to so instruct.

Defendant also insists the measure of his damages, if it should be found that the plaintiff had converted said note, was not of the date of its conversion, but that if at any time plaintiff could have collected the same while it was in its hands then its value at that time was the true measure of his damages. But as the defendant raised no such issue by his pleading, but only claimed damages for the alleged conversion, the instruction properly restricted the issue, viz., damages for conversion and not for failure to collect. Therefore, the court properly instructed the jury that defendant's measure of damages was the value of the note at the time of its conversion. Mfg. Co. v. Huff, 62 Mo. App. 124; Seibel v. Siemon, 72 Mo. 526; Neiswanger v. Spuier, 73 Mo. 192. Failing to find any error in the record, the cause is affirmed. All concur.