C. L. BRUCE, APPELLANT, v. W. P. KAYS, DEFENDANT, BANK OF LONGWOOD, INTERPLEADER, RESPONDENT.*

Kansas City Court of Appeals. January 3, 1928.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, section 756, p. 850, n. 24; section 863, p. 967, n. 42; Attachment, 6CJ, section 897, p. 397, n. 28; section 916, p. 401, n. 94; Chattel Mortgages, 11CJ, section 78, p. 458, n. 36; section 103, p. 472, n. 4; section 185, p. 509, n. 48; section 339, p. 625, n. 45; Evidence, 22CJ, section 1683, p. 1265, n. 25.

*Jones & Jones* for appellant.

*Paul Barnett* for respondent.

ARNOLD, J.—This is an action upon a promissory note which with interest amounts to $371.96. When the suit was filed an affidavit for attachment was sued out. On the 27th day of January, 1926, the writ was delivered to the sheriff and he levied upon eight mules which were in the possession of defendant Kays. The Bank of Longwood

filed an interplea claiming the mules under a recorded chattel mort-gage. At the trial the Bank of Longwood offered in evidence a recorded chattel mortgage.' The mortgage recites that the undersigned W. P. Kays of Houstonia, Missouri, does sell, assign, transfer and set over unto the Bank of Longwood eight horse mules, eight to twelve years old, six mare mules, eight to twelve years old, and certain other animals and farm machinery, and one-half interest in all corn grown on farm known as R. J. Hess farm, northwest of Longwood, Mo. It was recited by mortgagor in said mortgage as follows: "The property hereby sold and conveyed to remain in my possession until default be made, etc., but in case of sale, etc., or removal or attempt to remove the same from Pettis or Saline counties, etc., then the Bank of Longwood might take possession." It was further provided in said mortgage "that Bank of Longwood might upon taking possession sell the property at public auction to the highest bidder for cash at said farm in Longwood township, county of Pettis, State of Missouri."

The plaintiff objected to the introduction of the chattel mortgage. This objection was overruled by the court. The interpleader introduced parol evidence to identify the property levied on by the sheriff under his writ of attachment as being the same property described in the chattel mortgage. This evidence was admitted over the objection of plaintiff.

At the close of the evidence plaintiff stood on his demurrer, the Bank of Longwood having assumed the burden.

Personal property described in the chattel mortgage is as follows:

"Two red cows, four to six years old, and increase; one Jersey cow, four years old, and increase; two light red cows and increase; eight horse mules, eight to twelve years old; six mare mules, eight to twelve years old; one gray mare, nine years old; one sorrel mare, nine years old; three farm wagons, corn planter, disc harrows, plows, cultivators and all other farm machinery; sixteen sets of harness; one-half interest in all corn grown on farm known as R. J. Hess farm Northwest of Longwood, Mo.; one Ford car."

The return of the sheriff under the attachment did not describe the property attached as described in the chattel mortgage above set out.

But two questions are presented: First, did the court err in admitting the chattel mortgage in evidence and in admitting parol evidence to assist in identifying the property? Second, was the return of the sheriff binding upon the interpleader?

The rule seems to be that if a chattel mortgage is not wholly insufficient as to description, and the description is such that a third party, aided by inquiries suggested by the instrument, can identify the property, then the chattel mortgage should be admitted in evidence, and parol testimony received to identify the property. This rule finds support in the following cases, among others: Shanks v. Tinder, 257 S. W. 188; White v. Meiderhoff, 281 S. W. 101; William-

son v. Bank, 69 Mo. App. l. c. 376; Ranney v. Meisenheimer, 61 Mo. App. 435; Dierling v. Pettit, 140 Mo. App. 90; Bank v. Metcalf, 29 Mo. App. 384. Under these authorities we think the mortgage was properly admitted. The evidence admitted shows the mortgage was filed for record and was to secure a note of which more than $600 remained unpaid. The evidence shows that when the attachment writ was served W. P. Kays had advertised a sale of personal property on his farm, including the property in controversy, and that the cashier of the Bank of Longwood was to act as clerk, and that the proceeds of such sale were to be applied to pay the note secured by the chattel mortgage. In order to allow the sale to go on, the plaintiff, defendant and the interpleader entered into a stipulation that the sale might proceed and $600 of the proceeds be deposited with the sheriff of Pettis county, Mo., subject to the outcome of this litigation. The sale then proceeded.

The interpleader's evidence showed that at the time the chattel mortgage was given W. P. Kays lived on the R. J. Hess farm about four miles northwest of Longwood; that the R. J. Hess farm lies mostly in Pettis county, but forty acres thereof lies in Saline county; that the part in Pettis county is in Longwood township; that Houstonia, Mo., is the point from which Mr. Kays got his mail; that the R. J. Hess farm was so called because it was there Mr. Hess lived for ten or fifteen years and that it was generally so known in that neighborhood and there was no other farm in the county called by that name; that Mr. Kays did not have any other farm. Mr. Kays, when put upon the stand, admitted the execution of the mortgage introduced in evidence; swore that he had the eight horse mules, eight to twelve years old, and the six mare mules, eight to twelve years old, described in the mortgage at the time he executed that instrument; that he did not have any other mules; that at the time the sheriff came out and attached some mules in his hands he still had the same fourteen mules; that at the time he executed the mortgage he lived on the R. J. Hess farm in Longwood township in north Pettis county, with forty acres in Saline county, and that he got his mail at Houstonia, Missouri; that he lived on his farm and had no other farm and that he never moved from said farm prior to the time of the sale under the stipulation after the attachment, and that he never moved the mules away from this farm. Upon this evidence the cause was submitted to the jury and the finding was against plaintiff.

Under the rule, we think the evidence was all admissible. A misdescription by the sheriff under the writ of attachment could not be binding upon the interpleader. The sheriff could not void a chattel mortgage by describing the property in some other than the description used in the chattel mortgage.

Appellant has cited many authorities as supporting his view as to the admission of the chattel mortgage and the parol evidence. In Young v. Bank, 97 Mo. App. 576, the description in two mortgages

was held insufficient, to-wit: Twenty head of one-year old steers, color red, one black steer calf, one white steer calf, twenty-six head of steers coming two years old, all red, also fifteen reds and roans, one white and four blacks, also twenty-seven head of one year old steers, reds and roans. It was provided in each of said mortgages that in case of an attempt to remove the cattle from either Sullivan or Mercer county the payees in the notes or their legal representatives might take possession. The court said that it might be inferred from recitals in the mortgages that the cattle were situate in Mercer or in Sullivan counties or in both, but that without any mark or brand or *situs*, except that of county or other individuating *indicia* of ownership, the cattle could not be identified. The court recognizes that description of location by inference is permissible, but there was nothing indicating ownership nor possession in this mortgage.

In Chandler v. West, 37 Mo. App. 631, the only description was ten head of cattle, mixed lot, cows, heifer and steers. There was nothing in the mortgage indicating where the property was located, in whose possession it was nor who was the owner thereof.

In Bozeman v. Fields, 44 Mo. App. 432, the description was two iron gray mares, three and four years old, respectively, without more. There was nothing to indicate where, nor in whose possession, the animals were.

In Stonebraker v. Ford, 81 Mo. 532, the property was described as forty head of cattle of different age and sex, most of them thorough-bred. The evidence showed the mortgagor had forty-five or forty-six head of cattle upon his farm varying in age and sex. The court held that where there is a larger quantity of the same kind in possession of the mortgagor than is embraced in the specifications of the mortgage, and no particular description of the articles or property otherwise than by their general class or number, nor any selection or delivery of the articles, nor any specifications as to which are intended out of a large number of articles then on hand, such mortgage will be ineffectual to pass title to any particular property.

In Banking Co. v. Commission Co., 80 Mo. App. 438, the description was twenty-five head of heifers one year old, about half of them having white faces, the other half being graded shorthorns; twenty-five head of white-faced weanling heifers, fifty head graded shorthorn heifers, weanlings; twenty-five head white-faced weanling bulls, twenty-five shorthorn weanling bulls; twenty-five head of white-faced yearling bulls, twenty-five head shorthorn yearling bulls; all of said stock now being on the Jos. J. Owens farm in Blue township, Jackson county, Missouri, north of Independence, said farm fronting east on North Liberty street extended. Judgment was rendered for the mortgage holder and said judgment was affirmed by this court. In this case the court held that oral evidence was admissible to identify the property and the plaintiff's agent was permitted to testify that

he could select and identify the cattle called for from others that were on the Owens farm. This was held to be proper. It was also held proper to instruct the jury that the description was invalid if a third person, aided by the mortgage description and such inquiries as it suggested, could not identify the cattle named in the plaintiff's mortgage. In other words, this was held to be a question for the jury.

Jones v. Long, 90 Mo. App. 8, holds that if a general description of personal property in a chattel mortgage locates it as being in one place when in fact it was in another place, the mortgage is void as to innocent purchasers without notice.

Trimble & Co. v. Keet, 65 Mo. App. 174, arose under an unrecorded mortgage and it was held that merely marking a pile of lumber with the letter "T" was not sufficient delivery to make the chattel mortgage good without recording.

In Estes v. Springer, 47 Mo. App. 99, the court held that a general description of property without anything to indicate who is the owner, nor where the property is located, is bad. However, the court held that since the mortgage recited the mortgagor to be of Barton county and provided that the property should remain in his possession until condition broken and should not be removed from said county, and in case of sale should be sold in Barton county, that this was enough to establish the *situs* by inference.

Cummins v. King, 266 S. W. 748, has to do with an unrecorded chattel mortgage.

It is urged the court erred in submitting to the jury the five special interrogatories, for the reason that they included questions of law as well as of fact. The special interrogatories submitted are as follows:

"No. 1. Did W. P. Kays on or about the 9th day of June, 1925, execute to Bank of Longwood an instrument purporting to be a chattel mortgage upon fourteen mules?

"2. If such a purported chattel mortgage was executed, did said purported chattel mortgage secure the note of W. P. Kays for $2800?

"3. If said purported mortgage did secure such a note, is as much as $600 of said note due and unpaid?

"4. If such a purported mortgage was executed, were said fourteen mules the same identical mules as those sold at public sale, under the contract in evidence executed by W. P. Kays, C. L. Bruce and the Bank of Longwood?

"5. If your answers to numbers 1 and 4 are in the affirmative, could C. L. Bruce, if he had had the mortgage in his hand, and from such reasonable inquiries as the mortgage itself suggests, have ascertained that the mules attached by the sheriff were the mules described in the mortgage?"

As to the first of these interrogatories the finding required of the jury is as to whether or not Kays executed to the bank an instrument

purporting to be a chattel mortgage upon fourteen mules. Certainly this calls for no finding of law. The second asks a determination of the fact as to whether such purported chattel mortgage did secure the note of Kays for $2800. No question of law here presented to the jury: And, third, if such purported mortgage did secure such a note, was $600 of the amount still due and unpaid? We fail to find in this submission a request for a determination of any question of law. Third, if such purported mortgage did secure such a note, was $600 of the amount still due and unpaid? We fail to find in this submission a request for a determination of any question of law. Fourth, if such a purported mortgage was executed, were said fourteen mules the identical mules as those sold at public sale under the contract in evidence executed by W. P. Kays, C. L. Bruce and the Bank of Longwood? No question of law required here. And, fifth, "If your answers to numbers 1 and 4 are in the affirmative, could C. L. Bruce, if he had had the mortgage in his hand, and from such reasonable inquiries as the mortgage itself suggests, have ascertained that the mules attached by the sheriff, were the mules described in the mortgage?" The record shows there was no attack made upon the execution of validity of the mortgage except as to the sufficiency of the description of the chattels. In this situation, it was clearly the province of the jury to determine whether or not the recitals in the mortgage were sufficient to identify the chattels which the mortgage itself suggested, taken with the inquiries. As we have stated above, this question was for the jury. See cases cited herein on this point. The submission of the interrogatories was not error in the respect charged.

It is now contended that the court erred in failing to instruct the jury that the burden of proof was upon the interpleader. There is no merit in this contention because not contained in the motion for new trial and the question cannot be raised for the first time in this court. Moreover, there is no showing that an erroneous instruction on the burden of proof was given by the court at the instance of the interpleader and no instruction on that question was asked by appellant. Failure to give an instruction upon the burden of proof may not be assigned as error, in the absence of a request therefor at the trial in the court below. [Darlington Bank v. Power, 102 Mo. App. 415; Hunter v. McElhaney, 48 Mo. App. 234.]

It is urged there was a waiver of the bank's lien by virtue of the agreement by the bank that the property might be sold and the proceeds applied to the payment of the debt secured by the mortgage. We hold this contention to be without merit. The rule is well established that an interpleader mortgagee does not waive his lien by permitting the mortgagor to sell the mortgaged property if the mortgagor renders an account of sale to the mortgagee and the proceeds are credited on the mortgage debt. And this was the situation in the

case at bar. [Forgan v. Bridges, 281 S. W. 134, and cases therein cited.]

The foregoing covers all points raised. Finding no reversible error of record, the judgment must be affirmed. It is so ordered. *Bland, J.*, concurs; *Trimble, P. J.*, absent.