Schmidt v. Bender.

PETER SCHMIDT *et al.* v. GEORGE BENDER.

1. CHATTEL MORTGAGE, *Not Void for Uncertainty in Description.* In a chattel mortgage the property was described as "two brown mules, aged 8 and 12 years," and in connection with which there was a statement of the county in which the property was situate, and also that the mules should remain in the possession of the mortgagor until default was made in the payment of the debt, or until the mortgagee should deem himself insecure. *Held,* That the mortgage is not void for uncertainty in the description of the property.

2. —— *Description, Not Insufficient.* Where the description substantially corresponds with the property intended to be mortgaged, and the mortgagor has no other property to which it could apply, so that neither the defendants nor anyone else could be misled by the indefinite or imperfect description, and where it is admitted that the property claimed is the same as was intended to be mortgaged, the description will not be held insufficient.

3. REPLEVIN — *Demand* — *Shifting Possession of Property.* A defendant in a replevin action, wrongfully in the possession of property, who has shifted the same to another defendant, and attempted to defeat those entitled to the possession from recovering the same, and whose defense in the action is based on grounds inconsistent with the right of possession in the plaintiff, is not in a position to insist that a demand has not been made of him, nor that he did not unlawfully detain the property because he did not happen to have the actual manual possession thereof when the action was begun.

*Error from Rush District Court.*

REPLEVIN, by *Bender* against *Schmidt* and three others, to recover the possession of two mules. Judgment for the plaintiff, at the May term, 1886. The defendants bring the case here. The opinion states the facts.

*Maher & Osmond,* for plaintiffs in error.
*H. L. Pestana,* and *Chas. A. Hiller,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, brought by George Bender against Peter Schmidt, George Laudner, James Lawson, and George Strobel, to recover the possession of two mules. George Bender and Reinhardt Borgert were both

residents of Russell county, and on October 22, 1883, Borgert, being indebted to Bender in a considerable sum of money, executed a chattel mortgage upon the mules in question and other personal property, to secure the payment of the debt. The mortgage, which was duly filed in the office of the register of deeds, stipulated that the mortgagor should continue in the peaceable possession of the property until default should be made in the payment of the debt, or until the mortgagee should deem himself insecure. Afterward, Conradt Borgert, a brother of the mortgagor, obtained possession of the mules, and traded them to George Strobel, of Barton county, for a pair of horses. A search for the mules was instituted in Barton county by the mortgagor and mortgagee, and it was found that Strobel, to whom the mules were first traded, had sent them away from his place. It came to be known that the mules were mortgaged, and that an effort was being made to find them, and they were transferred from one to another of the defendants, apparently for the purpose of concealing them. The present action was then begun against all of the defendants, and under an order of delivery the possession of the property was regained. The trial resulted in a verdict and judgment in favor of Bender, and of this judgment the defendants below complain.

The first question presented relates to the validity of the chattel mortgage. It is insisted that the description of the property mentioned therein is wholly insufficient, and so vague and uncertain as to render the mortgage void. The property is described as "two brown mules, aged 8 and 12 years." In connection with this description the mortgage recited that the property was situate in the county of Russell and state of Kansas, and that the mortgagor should continue in the peaceable possession of the property until default was made, or the mortgagee should deem himself insecure; and the testimony showed that these were the only mules which the mortgagor had. A chattel mortgage should describe the property with reasonable particularity, but there is not that strictness and accuracy required that the plaintiffs in error insist upon. It

has been often decided that a description in a chattel mort-
gage which will enable third persons, aided by inquiries which
the mortgage itself suggests, to identify the property, is suf-
ficient. Here the defendants are bound to know that the
property was situate in Russell county, was in the possession
of Reinhardt Borgert, and upon inquiry they would have as-
certained that these were the only mules owned
or possessed by Borgert. While the description
given is not as full and certain as is desirable, yet
under the rule mentioned and the decisions made, we think
the description is not so uncertain and imperfect as to inval-
idate the mortgage. (*Adams v. Hill*, 10 Kas. 627; *Brown v.
Holmes*, 13 id. 482; *Shaffer v. Pickrell*, 22 id. 619; *King v.
Aultman*, 24 id. 246; *Mills v. Lumber Co.*, 26 id. 574; *Muse
v. Lehman*, 30 id. 514; *Griffiths v. Wheeler*, 31 id. 17.)

1. Mortgage, not
invalidated
by imperfect
description.

It is next contended that under the evidence the descrip-
tion given in the mortgage did not fit the mules in controversy
in respect to either color or age. There was some dispute in
the testimony as to whether the mules were brown or bay in
color. Some witnesses testified that both were brown, others
that both were bay, and still others that one of them was
brown and the other lighter in color, and might be called
bay. Some of the witnesses who testified did not distinguish
between brown and bay, but treated the latter as a shade of
brown. It is well known that the color of animals is affected
by age, and changes with exposure; and in view of this fact,
and of the testimony expressly stating that the mules were
brown, it cannot be held that the court erred in finding that
the mules corresponded in color with the description in the
mortgage. In respect to age the testimony was conflicting
and unsatisfactory. None of the witnesses knew the time
of birth, or could state the exact age of either mule; and it is
said to be difficult to judge the age of a mule after he passes
the eighth year. It cannot be said from the testimony that
the age given was incorrect; and it is expressly
admitted that the mules in controversy are those
which were described in the mortgage. As these were the

2. Substantial
description.

only mules owned or kept by Borgert, no one could be misled by the description. The mules comport substantially with the description, and it being clear that the defendants were not and in fact could not be deceived on account of the description, they must be held to have known that it was intended for the animals in controversy. (*King v. Aultman,* 24 Kas. 246.)

Error is also assigned upon the exclusion of testimony relating to the disposition made of the horses which were traded for the mules. It was claimed that Bender had confirmed the trade by accepting a mortgage upon the horses which were traded for the mules. Upon cross-examination of Bender, the court disallowed a question in regard to what disposition had been made of the horses which had been taken in exchange for the mules. The objection was properly sustained to this inquiry, upon the ground that it was improper cross-examination. Subsequently, however, Bender was made a witness of the opposing parties, and stated that he took a mortgage upon the horses as a temporary security until the mules could be recovered; that it was not taken in place of the mules nor in lieu of the other mortgage, but the understanding was that it was additional security until the mules could be recovered, when he was to surrender it; and upon the recovery of the mules he did surrender the lien upon the horses. He stated that one of those horses died before the suit was brought, and an objection was sustained as to what had become of the other. In view of the fact that Bender was a party to the suit, a fuller examination with reference to the disposition of the horse might with propriety have been allowed; but it is quite clear from the testimony that there was no intention on his part to ratify the contract of exchange or to release his lien upon the mules, and therefore the exclusion of the testimony is not material error.

Again, it is said that the testimony is insufficient to show that Laudner and Schmidt detained the possession of the property in controversy, and that no judgment for costs should have run against them. We think there was no mis-

take in rendering judgment against these defendants. They had possession of the mules for a time, and Schmidt admits that when the parties came in search of them he told an untruth in regard to their location, in order to hinder Bender from finding them. Dawson came in the night-time and took them away from the defendants Laudner and Schmidt, and thus they were shifted from one to another of the defendants for the apparent purpose of preventing the plaintiff below from gaining possession of the property. Under these circumstances the actual manual possession of the property in these defendants was not necessary, nor was a demand of them required for the maintenance of the action. They never conceded the right of possession in Bender, but based their defense on a ground wholly inconsistent with the right or ownership of Bender, and at no time did they indicate a willingness to yield the possession if a demand had been made. They are therefore in no position to insist that a demand was not made, nor that they did not unlawfully detain the property. (*Raper v. Harrison,* 37 Kas. 243; *Collier v. Beckley,* 33 Ohio St. 523.)

3. Replevin; demand, not necessary.

We find no error which would justify a reversal of the judgment; it will therefore be affirmed.

All the Justices concurring.