## S. W. SHATTUCK v. HIRAM HALL.
### No. 45.

1. REPLEVIN — *Gist of the Action — Competent Evidence.* A suit in replevin under the laws of Kansas is a possessory action for the recovery of specific personal property, and the gist of the action is the wrongful detention of the property, and such facts as tend to show that the defendant does not wrongfully detain the property claimed are competent evidence on the trial of the right of possession.

2. —— *Evidence of Ownership.* Where S. claimed to be the owner of certain wheat in the shock, describing its location and alleging that he was the owner thereof and entitled to the immediate possession of the same, and that it was wrongfully detained from his possesssion by H., it was competent on the trial of such action to show that S. was not the owner thereof and that H. was the real owner.

3. —— *Title to Property — Chattel Mortgage Sale.* Where personal property is sold by a constable upon execution against the owner thereof, and the same is subject to a valid chattel mortgage, duly filed in the office of the register of deeds of the county where the property is situated before the levy of execution thereon, the purchaser takes the title of such property subject to the chattel mortgage; and if the mortgagee afterward takes possession of such property and sells the same under his chattel mortgage,

the purchaser at such sale becomes the absolute owner of the property, and when he takes possession of the same under such purchase the purchaser of the property at the constable's sale is therefore divested of all claim or interest in the same and cannot thereafter maintain replevin to recover the property from the purchaser at the mortgage sale.

MEMORANDUM.— Error from Harvey district court; L. HOUK, judge. Action in replevin by S. W. Shattuck against Hiram Hall. Judgment for defendant. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed December 7, 1895, states the material facts.

*S. W. Shattuck, jr.,* for plaintiff in error.

*A. L. Greene,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: The plaintiff makes 16 specific assignments of error in his petition in error and brief herein, and urges them upon the consideration of this court. Such of the matters complained of as the court deems important or worthy of consideration will be considered in the order set out in brief of counsel. The first error complained of by plaintiff is in the overruling of his objection to the introduction in evidence by the defendant of two certain written instruments, to wit: A promissory note and a chattel mortgage given to secure the payment of said note. It is claimed by plaintiff, and admitted by all the parties to this suit, that the wheat in controversy was raised by James W. Hall, son of the defendant, upon lands belonging to Sarah G. Shattuck, wife of plaintiff, S. W. Shattuck, which had been leased by the plaintiff as agent of his wife to James W. Hall, but there was a conflict in the evidence as to the conditions upon which this land was leased and the disposition to be made of the tenant's portion

of the wheat to be raised upon the leased lands. The plaintiff claims title to the wheat by virtue of the agreement made between himself as agent of his wife in the renting of the lands to James W. Hall that the tenant's three-fifths of the wheat to be grown on the rented premises was to be applied by James W. Hall on an indebtedness from James W. Hall to the said plaintiff; and he also claims that he became the owner of the wheat by reason of a purchase made by him of the same at a constable's sale on an execution against the said James W. Hall, before said wheat was harvested. The defendant, Hiram Hall, claims title to the wheat by reason of a sale of the wheat upon a chattel mortgage given by James W. Hall and Nancy S. Hall to John E. Brown. We think it was competent for the defendant, in connection with his possession of the wheat, to prove the manner in which he came into possession thereof, and also his right to the possession, and to prove his title to the same. If he was the owner of the wheat and had come into possession of the same by reason of a sale under a valid chattel mortgage his possession was not wrongful. The note and mortgage were competent and proper evidence tending to prove his title to the wheat. This note and mortgage were executed and delivered by James W. Hall and Nancy S. Hall to John E. Brown, March 5, 1890; and the mortgage was filed in the office of the register of deeds five days before the levy of the execution upon the wheat, and the sale made by the constable under the execution would only give title to the purchaser subject to the chattel mortgage, if the same was valid, and a sale of the wheat thereafter under the chattel mortgage would confer the absolute title of the wheat upon the purchaser at the mortgage sale. Then the whole

question of title of the wheat and the right of posses-
sion depended entirely upon the validity of the chat-
tel mortgage and the *bona fides* of the transactions of
the parties in giving the same, and the regularity of
the sale and the transfer of the property. These
matters were, therefore, to be determined by the jury
in the further trial of the case, under the evidence and
the instructions of the court.

It is urged by plaintiff that the mortgage is void
because of a misdescription in the number of the sec-
tion of land upon which the wheat was growing. We
think the mortgage is not so indefinite as to render it
void. It describes the mortgaged property as follows :

"Now, therefore, in consideration of such indebted-
ness and to secure the payment of the sum as afore-
said, said party of the first part does hereby sell,
assign, transfer and set over to the said party of the
second part the property which is in my possession,
and free and clear from any incumbrance, described in
the following schedule, viz., of my share, being two-
thirds of the growing wheat sown by me on section 34,
township 34, range 1 west, on lands of S. W. Shattuck,
in Sedgwick township. Said wheat may be harvested
by me and thrashed, and placed in the granary or ele-
vator subject to the order of said John E. Brown until
the above note is settled or paid."

The rule laid down by the supreme court of this
state is, that where the description of the property is
such as to enable third persons, aided by inquiries
which the instrument itself indicates and directs, to
identify the property, it is sufficient. (*Schmidt v.
Bender*, 39 Kan. 437 ; *Adams v. Hill*, 10 id. 627 ; *Brown
v. Holmes*, 13 id. 482 ; *Shaffer v. Pickrell*, 22 id. 619 ;
*King v. Aultman*, 24 id. 246 ; *Mills v. Lumber Co.*, 26
id. 574 ; *Muse v. Lehman*, 30 id. 514 ; *Griffiths v. Wheeler*,
31 id. 17 ; *Corbin v. Kincaid*, 33 id. 649 ; *Smith v. Mc-*

*Lean,* 24 Iowa, 322; *Lawrence v. Everett,* 7 Ohio St. 195.)

The second assignment of error is with reference to the admission in evidence of a copy of the chattel mortgage with the certificate of the register of deeds indorsed thereon. The original chattel mortgage had already been given in evidence, and it had been shown that it was filed with the register of deeds. This copy with the certificate of the register of deeds indorsed thereon was unnecessary and immaterial, and should not have been received in evidence, as it only tended to make the record more cumbersome. But was this such an error as in any manner tended to prejudice the rights of the plaintiff on the trial of the case? The same matter was already in evidence for the consideration of the court and jury. While it is the duty of the trial court to see that immaterial and unnecessary evidence is not put on the record in the trial of an action, yet where the court permits the introduction of matters which do not tend to prejudice either party on the trial of the case, it is not such error as will call for the reversal of the judgment.

It is contended that the copy offered and admitted in evidence was not a true copy of the original mortgage, such as is required by paragraph 3903, General Statutes of 1889. The objection found to the copy is that the original mortgage in evidence showed that the note set out in the mortgage was signed by James W. Hall and Nancy S. Hall, while the copy showed that the note was signed by James W. Hall alone, the name of Nancy S. Hall being omitted in the note copied in the instrument filed; but the copy of the mortgage itself contains the names of James W. Hall and Nancy S. Hall, mortgagors, and was signed by each. We think the copy was sufficient to notify all

persons dealing with that property of the incumbrance upon it.    There is no claim or pretense that the plaintiff was in any manner misled in the purchase of this property at constable's sale on account of any omission or defect in the copy of the mortgage filed.    It is seriously contended by counsel, both in his brief and his oral argument, that the difference between the original mortgage and the copy thereof was material and substantial; that the note, being signed by two persons, was a very material fact.    We do not see that the note was a material factor in the trial of this case.    It does not matter whether it was the joint note of James W. Hall and Nancy S. Hall or the individual note of James W. Hall.    This growing wheat was mortgaged to secure the payment of that indebtedness, whether joint or individual.    This mortgage on the face of it was a valid lien upon the growing wheat, and if for any reason the same was void it was not apparent by the mere omission of the name of Nancy S. Hall from the copy of the note, and was a mere immaterial omision that did not prejudice any person connected with the property mortgaged.

From the third to the eighth assignment of error, both inclusive, the complaint is that the court erred in its ruling on the admissibility of certain questions asked and ruled out, and in the evidence offered and ruled out.    We do not think that there was any error in any of the rulings complained of.

The ninth assignment of error is that the court erred in excluding the deed from plaintiff to Sarah G. Shattuck for the land upon which the wheat in question was raised, with the indorsement thereon.    We do not think the ownership of this land was in dispute on the trial of this case.    It was shown and admitted that the land was leased by S. W. Shattuck, the

plaintiff, to James W. Hall. It did not matter whether the plaintiff was owner of the land or his wife owned it. The claim is that it was material for the reason that the chattel mortgage described the wheat as being on the land of S. W. Shattuck, while in fact S. W. Shattuck had previously deeded the land to his wife. He was still leasing it and claiming that under the lease he was to become the owner of the tenant's share of the wheat raised on the farm to pay an indebtedness to himself. He did not disclose the fact while leasing the land that he was acting as the agent of his wife, but treated it as his own land, and that was not a matter that could be inquired into in the trial of the ownership of the wheat grown on the land.

The tenth assignment of error complained of is that the court erred in giving the second general instruction to the jury ; that this instruction misstates the claim of the plaintiff with reference to the three-fifths part of the crop of wheat.

"2. The plaintiff alleges that at the commencement of this action he was the owner of this wheat, and entitled to the immediate possession thereof, and that the same was wrongfully detained from him by the defendant. It is insisted by the plaintiff that, as the agent of Sarah G. Shattuck, the owner of the land in question, he leased said land to one James W. Hall for the purpose of planting a crop of wheat thereon in the fall of the year 1889, and at the time of such lease, and as one of the conditions thereof, the said Hall agreed to give the said Sarah G. Shattuck two-fifths of the crop to be so raised, and to pay the proceeds of the remaining three-fifths of such crop to the plaintiff in payment or part payment of a certain note or notes which were held by plaintiff against said Hall."

This instruction informs the jury of the claim of the plaintiff under the issues presented by the plead-

ings and testimony, and we think was a clear and succinct statement of the issues to be passed upon by the jury in determining the rights of the parties. The claim of the plaintiff in relation to the three-fifths of the wheat raised on this leased land seems to be a peculiar one. He claims, in the first instance, that James W. Hall was indebted to him on two certain promissory notes, and that in the agreement by which the plaintiff, as agent of his wife, leased this land to James W. Hall, said Hall was to give the owner thereof two-fifths of all wheat grown on the land, delivered to her at the machine, when thrashed, and the three-fifths was to be the property of the plaintiff, to be applied to the payment of these two notes. How and when was it to become the property of the plaintiff? Was the plaintiff to pay for the wheat by the acre and take it in the field, or was he to pay so much for the three-fifths of the 20 acres of wheat, or was he to pay so much per bushel when thrashed? The plaintiff nowhere intimates in his evidence in what manner he was to become the owner of this wheat. He leased the land to James W. Hall, who was to pay, according to the plaintiff's claim, two-fifths of all the wheat to the owner of the land, and to apply the three-fifths in payment of the two notes. But, by the undisputed evidence on the trial, long before the maturity of this wheat these two notes were assigned by plaintiff and transferred to his son, and under the transfer of these notes James W. Hall was not indebted to the plaintiff in any sum whatever. Some time in March, 1890, before the maturity of the wheat, plaintiff's son obtained a judgment upon one of these notes, before a justice of the peace, against James W. Hall, and had an execution issued on said judgment, and this execution was

levied by a constable upon this growing wheat, and the plaintiff claims to have purchased the three-fifths part of the wheat at the constable's sale, which shows clearly that he did not rely upon being the owner of the wheat under any agreement made with James W. Hall at the time of leasing him the lands upon which to raise the crop. Such a claim cannot be maintained upon any theory of honesty or fair dealing. It would be a gross fraud upon James W. Hall to say that he had raised this crop of wheat for the plaintiff, to be applied in payment of the notes held by plaintiff against him, and at the same time for the plaintiff, while the wheat was growing as his property, to sell and transfer these notes to another party and allow a judgment to be taken upon the notes against James W. Hall. This kind of transaction would tend to rob the lessee of his labor in planting the crop of wheat, and also of the seed that he used in planting the same. The plaintiff was, in this respect, seeking to obtain three-fifths of this wheat without paying anything therefor.

The eleventh assignment of error is that the court erred in giving the fifth general instruction to the jury, as follows:

" 5. The defendant denies plaintiff's ownership and denies her right of possession, but admits that he, the defendant, was in possession at the time alleged by plaintiff. The defendant further avers that he is and was, before the commencement of this action, the owner and entitled to the immediate possession of said three-fifths interest in said wheat; that he purchased said interest at a public sale thereof, which was had under and by virtue of a certain chattel mortgage given by said James W. Hall to one J. E. Brown, to secure the payment of a debt of $75, owing by said James W. Hall to said Brown; that said debt was due and said mortgage had become absolute; that

said property was subject to sale under said mortgage to satisfy said debt, and that said sale was lawfully made for such purpose ; that said defendant further avers that the lien of said mortgage was prior in point of time and superior to the lien of the levy of the execution in favor of the said S. W. Shattuck, jr.''

The claim of plaintiff is that the defendant did not deny the right of the plaintiff to possession of the wheat in question, for the reason that the plaintiff in his bill of particulars alleged that he was the owner and entitled to the immediate possession of the wheat ; that it was of the value of $100 ; that the same was wrongfully detained from him by the defendant, and that defendant filed an answer to the affidavit in replevin in which he denied that plaintiff was the owner of the wheat, and denied the same was worth $100, and alleged that it was worth $150. It is insisted by plaintiff's counsel that the effect of this answer was to admit that plaintiff was entitled to the immediate possession of the wheat, and that it was wrongfully detained by the defendant. The plaintiff claimed his right to the immediate possession of this wheat by reason of being the owner thereof, and defendant wrongfully detained the possession of the wheat from him, because, being the owner, he was entitled to the possession. The defendant, in his answer, alleges that the matters stated in the affidavit for replevin are not true ; that plaintiff never did own, nor does he now own said wheat. Not being the owner, he certainly was not entitled to possession thereof. An action in replevin under our statute is a possessory one, and the gist of the action is the wrongful detention of specific personal property ; and before an order of delivery can issue the party claiming the right of possession of personal property is required to make an affidavit showing the following facts : (1) A

description of the property; (2) that plaintiff is the owner thereof or has a special ownership therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the property; (3) that the property is wrongfully detained by the defendant. The basis of plaintiff's claim was that of ownership of the wheat. If he was not the owner of the property described in his bill of particulars and affidavit in replevin he was not entitled to the possession, and there could be no wrongful detention by the defendant.

The plaintiff claims that the court erred in rendering judgment in favor of the defendant against him for the return of the wheat, and in case a return could not be had, then for the value thereof. It is seriously claimed by counsel for the plaintiff that there was no proof of or evidence to show that plaintiff ever obtained possession of the wheat. In this counsel is mistaken. The return of the constable indorsed on the order of replevin states:

"I received this writ on the 24th day of June, 1890, at 11:15 A. M.; served the same on the within-named defendant, Hiram Hall, by delivering to said defendant, personally, on the 24th day of June, 1890, at 11:30 A. M., a true copy of this writ, with the indorsements thereon, duly certified; and on the same day, at the hour of 12 o'clock, noon, I further executed this writ by taking possession of the within-described goods and chattels and personal property and turned it over to the plaintiff, S. W. Shattuck."

This wheat was taken out of the possession of the defendant by the constable under the order of replevin and delivered to the plaintiff, and the jury by their verdict find as follows:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find for the defendant;

that at the commencement of this action he was entitled to the immediate possession, to wit: Three-fifths of the crop of wheat raised by James W. Hall on Sarah G. Shattuck's land, in Sedgwick township, Harvey county, and that said three-fifths interest was of the value of $104.45.''

The judgment of the court is in accordance with the verdict of the jury, and fully authorized by the evidence on the trial of the case. Section 65 of chapter 81, General Statutes of 1889, reads:

"The judgment in the case mentioned in the two preceding sections shall be for the return of the property, or for the value thereof, or the value of the possession of the same, in case a return cannot be had, and for the damages for withholding said property, and the costs of suit." (Gen. Stat. 1889, ¶ 4915.)

So far as the value of the wheat was concerned there was no dispute, for the parties stipulated at the commencement of the trial that the wheat was of the value of 50 cents per bushel, and the plaintiff in his evidence stated just the number of bushels of wheat that he received. It amounted in the aggregate to $104.45, and the judgment of the court was,

"that defendant, Hiram Hall, do have and recover a personal judgment against S. W. Shattuck for the immediate return of said wheat, and in case a return thereof cannot be had, then for $104.45, with interest at 6 per cent. from the 12th day of December, 1890, and the costs of suit, taxed at $98.''

We have carefully examined the remaining assignments of error urged by the plaintiff in his brief and oral argument of counsel, but do not find that any material error was committed by any of the rulings or decisions of the court in the matters complained of.

The judgment of the district court is affirmed.

All the Judges concurring.