EDWARD POOLE v. EMMA MAY BURNHAM, Executrix,
Appellant.

99  493
f141  568

**Duty of Executor: FAILURE IN:** *Duty of court.* An order of the district court, requiring an executrix to file an inventory after the expiration of the fifteen days after appointment, allowed for that purpose, by Code, section 2370, is not objectionable because invoked by the application of one not interested in the estate, as it is the duty of the court to make such an order upon its own motion, upon learning, from any source, of the non-compliance with the statute.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

FRIDAY, OCTOBER 23, 1896.

THE defendant is the executrix of the estate of Mary N. Poole, deceased, and the plaintiff is her surviving husband. In August, 1894, the plaintiff filed an application asking the court to require the executrix to file an inventory of the personal effects of the estate, it being more than fifteen days since her appointment. To the application the executrix filed an answer as follows: (1) Denies the right of Edward Poole to such relief. Denies he has any right to make an application or require such an order. (2) Further answering, says Edward Poole, in the lifetime of Mary M. Poole, executed and delivered, for a valuable consideration, the following agreement: "Burlington, Iowa, July 3, 1893. In consideration of one dollar, and divers other good and sufficient considerations, I do hereby agree with my wife, Mary M. Poole, that I will and do hereby relinquish all claim to any portion of her separate estate, and in case she dies before I do, to make no claim to any property she may leave, except to accept such provision as she may make for

me in her last will and testament; and that I will take under such will, and will not in any manner contest the same, nor do anything to avoid the full operation thereof, as she, in her best judgment, may direct. Witness my hand, etc. Edward Poole." That on the fourth day of June, 1894, notice of the last will and testament, and of item 4 thereof, was served upon Edward Poole, item 4 being as follows: "Item 4. I give and bequeath to my husband, Edward Poole, the sum of $100 in lieu of all other claims to any part of my estate, either as dower, statutory right, or otherwise, to be paid to him upon his filing his acceptance of this will in court." (3) The executrix at all times has been and is now willing to fulfill item 4, and pay the bequest. That she denies that said Edward Poole has any interest whatever in said estate. Denies that he is the surviving husband, for the reason that no legal marriage contract was ever entered into between the said Edward Poole and said Mary M. Poole, that the said Edward Poole, at the time of the pretended marriage between the parties, was incapable of entering into that contract, that he concealed the same, and the marriage agreement was obtained through his fraud. That the agreement of July 3, 1893, set forth in answer, was made by Edward Poole for the reason that he knew he had no right to any part of the estate. By reason of said facts, the executrix says Edward Poole has no interest in the estate, and is not entitled to any order requiring an inventory. The following is a ground of demurrer to the answer: "(1) It was the duty of the executrix to file an inventory within 15 days after her appointment, and no facts set forth in the answer and amendment, show any excuse for her failure so to do." The demurrer was sustained, and from the order, the defendant appealed.—*Affirmed.*

*Blake & Blake, P. Henry Smyth,* and *Arthur M. Lewald* for appellant.

*C. L. Poor* for appellee.

GRANGER, J.—By section 2370, of the Code, it is provided: "Within fifteen days after his appointment, the executor shall make and file with the clerk an inventory of all the personal effects of the deceased, of every description, which have come to his knowledge." It will be seen that the duty invoked by the application is one commanded by the law, and the validity of the order is questioned only because the party invoking the action of the court has no interest. It may correctly be said that the order of the court was of no more prejudice to the executrix than was the law itself. Had the court made the order on its own motion, upon information as to the facts, from any source, the validity of the order could not be doubted. In fact, it was the duty of the court, upon information that the law was being disregarded, to make such an order. The executrix was an agent, and under the direction of the court, in such matters. The application had the effect of giving to the court information upon which, independent of other consideration, it could and should act. It is not a matter of any concern to the executrix, whether Poole has any interest in the estate or not, so far as this order is concerned, It was her duty, *First*, to obey the law, because of its absolute requirement, regardless of the interest of any person in the estate; and, *Second*, to obey the order of the court, made under the authority of law, to one under its directions in such matters. The order being one that the court should have made upon the facts, independent of the application, the mere fact that the application served to invoke the action, gives to the executrix no ground of complaint. What might be

the situation if the plaintiff was appealing from an order of refusal, and he was without an interest, is another question. Notwithstanding the title of the case, it is only "In the Matter of the Estate of Mary M. Poole, Deceased." The order of the court is AFFIRMED.