H. T. TRICE v. S. H. MYTON AND WILLIAM DAVY.

No. 481.  (59 Pac. 1090.)

CHATTEL MORTGAGE— *Correction of Mistake—Delivery of Possession.* Where the parties to a chattel mortgage, by mistake, execute the same upon wheat and straw grown and being upon a certain tract of land, when in fact it was grown and situated upon another tract of land, the mistake may be corrected by the voluntary delivery of the property by the mortgagor to the possession of the mortgagee before any specific rights or liens of other persons have been acquired.

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed February 19, 1900. Reversed.

*Madden & Buckman*, for plaintiff in error.
*Pollock & Lafferty*, for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : This is an action in replevin brought in the district court of Cowley county by the plaintiff in error and was originally commenced against one H. H. Siverd, then constable of the city of Winfield, in said county. The petition alleges that one W. T. Shannon was indebted to one Caroline H. Yoeman and gave her his promissory note with M. T. Shannon as surety; and that the said note was indorsed and delivered to said plaintiff, who ever since had been, and then was, the owner and holder thereof. When the note became due Shannon executed a note and delivered it to the plaintiff, and, to secure the same, executed and delivered to him a chattel mortgage on all the wheat raised upon a certain tract of land. The mortgage described the land as being in township 31, when in fact it was in township 32, and was so intended to be described by both of the parties to the mortgage. The mortgage was duly filed for record. The wheat was harvested and thrashed under the direction of the plaintiff and was put into a bin on the premises and the straw was stacked thereon. Before any levy had been made upon the wheat and straw, Shannon had delivered them into the possession of said plaintiff. After the plaintiff had said property in his possession, Siverd unlawfully, maliciously and forcibly took possession of said wheat and straw from the plaintiff and unlawfully took the same

into his possession and has ever since kept the same, and it was alleged that Siverd knew of plaintiff's ownership and claim before he took possession of the property.

After the commencement of this action Siverd died, and the defendants in error, Myton and Davy, who were the attaching creditors for whose benefit Siverd levied upon the wheat and straw in controversy, were by agreement of all parties interested substituted as parties defendant.

The plaintiff offered in evidence the chattel mortgage, after having stated in his opening statement that there was a mistake in the description of the land named therein. He also offered

"to prove that the wheat intended to be included in this mortgage, and the straw, by the intention of the mortgagee and the mortgagor, was the same wheat and straw levied upon in this case, and was raised on the description here in the mortgage, excepting that it should be township 32 instead of township 31. . . . And further offers to prove that the particular wheat which was levied upon by the defendant in this case, or was taken by the defendant in this case, and which is in controversy herein, was all of the wheat, and the only wheat, owned or raised by the mortgagor, W. T. Shannon, at that time.

"The plaintiff further offers to prove that, before the defendant, Siverd, took this wheat and the straw into his possession, he was notified and had knowledge of the fact from the plaintiff that the plaintiff claimed that particular wheat and straw which he took into his possession as being the wheat and straw included in the mortgage in question.

"The plaintiff further offers to prove that, before the wheat and straw was levied upon or taken into his possession by the defendant, Siverd, the wheat and straw had been delivered into the possession of the plaintiff by the mortgagor, W. T. Shannon, and was

at the time of the levy upon and taking thereof in his possession.

"And the plaintiff further offers to prove and show that at the time this mortgage · was given that the wheat was not growing wheat but was harvested and in the shock, and upon the description herein, except in township 32 instead of township 31 as shown by the mortgage, and in charge of the plaintiff's agents."

The court sustained an objection to this testimony upon the grounds that it was incompetent, irrelevant and immaterial under the pleadings and statement of counsel. Proper objections were made and exceptions saved. Judgment was rendered in favor of the defendants, and the plaintiff brings the case here for review.

The only error necessary to be considered is the refusal of the court to permit the introduction of the testimony offered. We think the court erred in sustaining the objection to its introduction. Although the description of the land upon which the wheat was grown and then situated was incorrectly given in the mortgage, yet if it was all the wheat which was owned or raised by Shannon, and it was his intention to mortgage it to Trice, and Trice's intention to take a mortgage upon it, and prior to its being levied upon Shannon had voluntarily delivered it into the possession of Trice as mortgagee, and Siverd knew when he made the levy that Trice claimed the wheat under the mortgage, it is clear that Trice was entitled to recover.

In *Schmidt v. Bender,* 39 Kan. 437, 18 Pac. 491, our supreme court said :

" Where the description substantially corresponds with the property intended to be mortgaged, and the mortgagor has no other property to which it could apply, so that neither the defendants nor any one else could be misled by the indefinite or imperfect description, and where it is admitted that the property

claimed is the same as was intended to be mortgaged, the description will not be held insufficient.''

And in *Savings Bank v. Sargent*, 20 Kan. 576 :

'' When, however, the plaintiff offered to prove that, while the property was in the possession of Gifford, and before the defendants acquired any interest in it, the plaintiff, with a copy of the mortgage, went to where the mortgaged property was, and then took possession of the same with the consent of the mortgagor, and retained possession of it until it was wrongfully obtained by other parties, the court below erred in rejecting the testimony. If this was done as claimed, it would cure any defect in the mortgage on account of any imperfect description of the property ; for it would be an appropriation and identification of the specific property to the mortgagee.''

See, also, *Cameron, Hull & Co. v. Marvin*, 26 Kan. 627.

The judgment of the district court is reversed and the case remanded for a new trial.