ALVAH C. WARD v. J. R. JOHNSON *et al.*

No. 13,086. (72 Pac. 242.)

Error from Barton district court; ANSEL R. CLARK, judge. Opinion filed April 11, 1903. Affirmed.

*D. A. Banta,* for plaintiff in error.

*James W. Clarke,* for defendant in error J. C. Lafferty.

*Per Curiam:* This was an action in replevin brought by Ward against defendants in error to recover a herd of fifty-three cattle. The facts are that plaintiff and one Lochary were partners in the handling of a cattle pasture into which they took the cattle of others for hire. Lochary owned some cattle, which were held in this pasture. He purchased another bunch of cattle, which were also placed in the pasture. In order to procure the purchase-money Lochary gave his note for $388 to the Claflin State Bank. This note was signed by plaintiff as surety, upon an agreement with Lochary that plaintiff should hold the cattle to secure him in so doing. Thereafter, Lochary borrowed $300 from the J. V. Brinkman Company Bank, plaintiff again signing the note as surety, upon the agreement with Lochary that the herd of cattle in the pasture should be held by plaintiff as security. Thereafter, Lochary borrowed $300 from defendant in error Lafferty, giving a chattel mortgage upon twenty head of cattle, and other property, as security. Lochary left the country, and plaintiff was compelled to meet the notes which he had signed as surety.

The entire herd of cattle was attached by a creditor of Lochary. After the levy of the attachment the sheriff turned the possession of twenty head of the cattle over to Lafferty under his chattel mortgage. Thereupon, this action was brought against Johnson, as sheriff, and Lafferty, to recover possession of the cattle under his pledge from Lochary. The case was tried before the court without a jury, the trial resulting in a judgment in favor of Lafferty for the twenty head received by him from the sheriff, under his mortgage, and in favor of plaintiff as against the sheriff for the remainder of the cattle. Plaintiff brings error.

It is first contended the trial court erred in refusing plaintiff leave to show what was said by Lochary in the absence of Lafferty concerning the pledge of the cattle to plaintiff as security. The cattle, when mortgaged, were in the apparent joint possession of plaintiff and Lochary.

After the pledge to plaintiff, no change in the apparent possession occurred. What was said by Lochary to others in the absence of Lafferty, unless communicated to him before the taking of his mortgage, could not be shown to defeat his rights under the mortgage.

Again, it is contended that the mortgage to Lafferty is void for want of sufficient description of the property intended to be mortgaged. The description reads as follows :

"All the following articles of personal property, owned entirely by him (Lochary) without any encumbrance, situated in the county of Barton and state of Kansas, to wit: 12 two-year-old heifers (2 past, 3 in spring): 8 spring calves; 1 bay mare, 8 years old; 1 roan mare, 10 years old. Increase of above included."

In the body of the mortgage it is provided :

"And until default be made as aforesaid, or until such time as the said party of the second part shall deem himself insecure, as aforesaid, the party of the first part to continue in the peaceable possession of all of the said goods and chattels."

While it must be conceded that this description is meager in its terms, yet we are of the opinion that under former decisions of this court it cannot be held that the mortgage is absolutely void for want of description as to the property intended to be encumbered thereby. (*Schmidt v. Bender,* 39 Kan. 437, 18 Pac. 491; *Crisfield v. Neal,* 36 id. 278, 13 Pac. 272; *Waggoner v. Oursler,* 54 id. 141, 37 Pac. 973.)

The general finding of the trial court, from all the evidence, being in favor of the chattel mortgagee and against plaintiff, the judgment will be affirmed.