In re Estate of Andrew Duncanson, Deceased, Grace
Duncanson et al., Appellants, v. W. R. Duncanson,
Executor.

**Wills:** CONSTRUCTION : INTEREST AS PART OF LEGACY. The intention
of a testator as gathered from the provisions of his will when
considered together will govern in its construction; so that while
as a general rule interest on legacies does not commence to run
until after or at the death of testator, still where the testator has
clearly provided that a specific legacy should be increased by inter-
est on the sum from a certain date prior to his death, the general
rule does not apply.

**Same.** In the instant case the will provided that certain legacies
should be increased by interest from a certain date prior to testa-
tor's death, and by other provisions that the legacies should be
paid from the proceeds of certain lands to be sold by a devisee
to whom they were given subject to the legacies, or who should
pay interest from such date, but none of the legacies were to be
paid until the youngest legatee had reached his majority. *Held,*
that while the provisions relating to the sale of the land were
uncertain as to payment of interest, still it would not overcome
the direct provision for payment thereof from the specified date.

**Estates of decedents:** EXECUTORS REPORT : AMENDMENT : CONSIDER-
ATION. An amendment to an executor's report filed on the day the
case is submitted, which is denied and there is no evidence to sup-
port it, will not be considered.

**Inventory of estates:** DUTY TO FILE. An executor is required by
statute to file an inventory of the estate before he is discharged,
and it is the duty of the court to order him to do so, irrespective
of who makes the complaint.

*Appeal from Woodbury District Court.*—Hon. F. R.
Gaynor, Judge.

Thursday, March 11, 1909.

The opinion states the case.—*Reversed.*

*R. M. Corbit,* for appellants.

*J. M. Wormley* and *Sullivan & Griffin,* for appellee.

SHERWIN, J.—Andrew Duncanson died in 1900, leaving a will dated January 22, 1893, and a codicil thereto dated one day later, which will and codicil were duly probated.  The will devised to W. R. Duncanson, his son, the appellee herein, two hundred and forty acres of land, describing it, and, in addition to such specific devise, it gave him the rest of the testator's property, both real and personal, charged, however, with the payment of certain legacies to the testator's grandchildren named therein. The third clause of the will bequeathed to Gracie Duncanson and Charles R. Duncanson $1,000, "with interest after March 1, 1895, rate 5 percent."  In the fourth clause of the will $1,000 was bequeathed to Samuel A. Duncanson and Marion Duncanson, and it was therein stated that "the two above" bequests were "to be taken from the proceeds of the land when sold situated as described below now owned by me."  The clause then designated land other than that specifically devised to the appellee.  In the fifth clause of the will it was said:  "The said W. R. Duncanson is to dispose of the above-described land or pay interest to said above children on or after March 1, 1895, at the rate of 5 percent interest."  In the sixth and seventh clauses of the will it was provided that the legacies to the children were to be paid by W. R. Duncanson when the youngest one became of age, and that said Duncanson should give a bond for such payments.  In the eighth clause of the will it was said:  "The interest on the above two thousand dollars to be kept at interest at the rate of five percent after March 1, 1895, and the whole to be then paid over to the four children after the youngest is of age."  In the codicil the testator referred to the provisions of his will made the day before, and stated that he had

deeded to W. R. Duncanson the Rutland township farm devised therein to him. W. R. Duncanson was named in the will as sole executor thereof, and qualified, and has acted as such. The youngest legatee became of age early in 1908, and in March of said year the appellee filed a final report in said estate, in which he charged himself with interest on the legacies named from February 28, 1900, the date of the testator's death. Objections to such report were filed by the legatees named herein, on the ground that they were entitled to interest on their legacies from March 1, 1895, and objection was made to the final discharge of the executor because he had filed no inventory of the estate, as required by law. The objections were overruled, and the report of the executor was approved.

The question of controlling importance is whether the appellants are entitled to interest from March 1, 1895, as a part of the bequests to them, or whether interest shall be allowed from the date of the testator's

1. WILLS:
construction:
interest as
part of legacy.

death only. There is no dispute as to the appellee's liability for the payment of the legacy of $500 to each of the four grand-children, the appellants herein, nor as to his liability for the payment of interest thereon from the date of the testator's death. It is of course fundamental that the intention of the testator is to govern, and that such intention is to be ascertained from the various provisions of the will considered together. We know of no reason why the testator could not lawfully provide that the $500 to be paid to each of his grandchildren upon the majority of the youngest should be increased by adding thereto interest from March 1, 1895. Such a bequest would be certain and definite, for nothing would be necessary to make it so but a mathematical calculation. The general rule that interest on legacies does not commence until after, or at the time of, the testator's death has no application here, because the testator may provide otherwise, and make the

interest so provided for a part of the legacy. The only question, therefore, is what was the intent of the testator.

In the third and eighth clauses of the will it is expressly provided that the legacies shall be increased by interest computed from March 1, 1895, and were there nothing further to consider, no doubt as to the intent could be raised. The provisions in the fourth and fifth clauses that the legacies "shall be taken from the proceeds of the land when sold," and that W. R. Duncanson is to dispose of said land "or pay interest on or after March 1, 1895," do not in our judgment sustain the appellee's contention that interest prior to the testator's death should not be allowed as a part of the legacies, unless it is shown that W. R. Duncanson kept said land. While these provisions, standing alone, appear to be somewhat inconsistent with the direct provisions for interest from March 1, 1895, when considered in connection with other provisions of the will, they appear less so. None of the legacies in question were to be paid until the youngest grandchild reached its majority, and consequently there would be no necessity for the sale of the land until that time. If he sold it before then, and kept the money required to pay the legacies, he would derive a benefit from the use of the money as great probably as he would derive from the use of the land itself. This the testator must have understood, and we do not think he contemplated or required a sale of the land before the legacies became due. In the fourth clause he expressly charged the land in question with the payment of the legacies, and we think he intended in the next clause to direct its sale for that purpose, and that the legacies be paid as elsewhere therein provided. The meaning of the fifth clause is at least uncertain, and it should not be permitted to overcome the direct and certain language and meaning of the other provisions of the will. *Covert v. Sebern,* 73 Iowa, 564; *Armstrong v. Crapo,* 72 Iowa, 604.

2. SAME.

The appellee also says that the land under considera-tion was sold in his lifetime by the testator, and that interest should not be allowed from March 1, 1895, because thereof. The appellee alleged such sale in an amended report filed on the day that the case was submitted. The allegation was fully denied by the appellants, however; and, there being no evidence in support thereof, it can not be considered. *Downing v. Nicholson,* 115 Iowa, 493.

*3. ESTATES OF DECEDENTS: executor's report: amendment: consideration.*

The court should have required an inventory of the estate. Code, section 3310, expressly requires it, and we have held that it is the duty of the court to order it, no matter from what source the complaint of a failure to do so comes. *Poole v. Burn-ham,* 99 Iowa, 493. The report filed by the executor shows that he received personal property from the estate, and such showing is sufficient to invoke the opera-tion of the statute.

*4. INVENTORY OF ESTATES: duty to file.*

For the reasons pointed out the judgment must be, and it is, reversed.

The appellant's motion to strike the appellee's amend-ment to the appellant's abstract is sustained.—*Reversed.*