Dierling v. Pettit.

## GOTTLIEB DIERLING, Appellant, v. WILLIAM H. PETTIT, Respondent.

### St. Louis Court of Appeals, May 25, 1909.

1. **CHATTEL MORTGAGES: Sufficiency of Description: Parol Evidence.** It is not necessary that personal property covered by a chattel mortgage shall be so described as to be capable of being identified by the written recital or by the name used to designate it in the mortgage; but parol evidence is admissible to show that a particular article is included within the general words of description contained in the mortgage.

2. ————: ————: **Constructive Notice.** The description of such property, however, in order to impart constructive notice of the existence of the mortgage, must be sufficient to enable a third party, aided by such inquiries as the instrument itself suggests, to identify the property as that mortgaged.

3. ————: ————: ————: **Description Held Insufficient.** In an action for conversion, brought by the mortgagee of certain live stock against an innocent purchaser thereof for value, it is held that the description "one black mare mule, six years old, with mealy nose; one bay mare mule, six years old," there being no statement as to where the animals were to be kept nor in whose possession they could be found nor in what county or State they were located, is not sufficient as a matter of law to suggest an inquiry which would lead to the identity of the mortgaged property and is not, therefore, sufficient to impart constructive notice to a third party of the existence of the mortgage lien.

4. ————: ————: ————: **Insufficient Description Aided by Presumption.** It should be presumed, in aid of the description in a chattel mortgage, that the mortgagor was the owner of the property he assumed to mortgage, and the fact that the mortgagor claims to mortgage the chattels ought to be sufficient to suggest an inquiry with reference to such property, when found in the possession of a man bearing the identical name of the mortgagor. The court feels bound by precedents, however, and refuses to decide the question of the sufficiency of description on this theory.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*O. D. Jones* for appellant.

*F. H. McCullough* and *C. R. Fowler*, for respondent.

NORTONI, J.—This is a suit in conversion. Defendant recovered and plaintiff appeals. It appears the plaintiff mortgagee held a chattel mortgage executed by one, James Carr, on two mules. The mortgage was dated September 30, 1903, in Schuyler county, Missouri, and recorded April 15, 1904, in Scotland county, Missouri. After the mortgage was recorded, Carr, the mortgagor, removed to Knox county, Missouri, and in August, 1904, sold the mules to defendant, a dealer, who resold them to other parties. Carr, the mortgagor, having absconded, plaintiff mortgagee instituted this suit against the defendant, purchaser of the mules, seeking to recover as for their conversion. The jury found the issues for the defendant. Plaintiff prosecutes the appeal, complaining of errors in the instructions given by the court. In the view we have taken of the case, it will be unnecessary to examine the alleged errors in instructions for the reason we believe the description of the property contained in the mortgage is insufficient as a matter of law. That is, that all the relevant recitals appearing in the mortgage, when taken together, are insufficient to suggest an inquiry which would lead to the identity of the mules in question.

Touching upon the facts in the record, it appears that the plaintiff resides in Schuyler county. On September 30, 1903, at his farm in that county, he sold to James Carr a span of mules; and on the same day, Carr executed to him a chattel mortgage thereon, securing his note of even date therewith, by which he promised to pay plaintiff $335, twelve months after date. The entire description of the mules contained in the mortgage, is as follows: "One black mare mule, six years old, with mealy nose; one bay mare mule, six years

old." There is no word contained in the mortgage, so far as appears, as to where the mules were at the time, or where they were to be located, nor in whose possession they were to remain until maturity of the note; nor does anything appear therein whether Carr owned these mules only, or owned or had in his possession others as well. The mortgage was not recorded in Schuyler county. It appears Carr resided in Scotland county, Missouri, and removed the mules to his home in that county. In accordance with our statute (sec. 3404, R. S. 1899, sec. 3404, Mo. Ann. St. 1906), requiring chattel mortgages to be recorded in the county in which the grantor executing the same resides, the mortgage was duly recorded in Scotland county on April 15, 1904. Afterwards Carr removed to Knox county, and in August, 1904, sold the mules to the defendant. Defendant purchased the same for value without actual knowledge of the mortgage. That is to say, he was charged only with such constructive notice thereof as arises under the statute from the fact that it was recorded. Now the law is indeed tolerant with matters of description in chattel mortgages. It is not necessary that the property should be so described as to be capable of being identified by the written recital or by the name used to designate it in the mortgage. And parol evidence is admissible to show that a particular article is included within the general words of a description but not to supply an essential word which has been omitted. Of course the description contained in the mortgage before us is valid between the immediate parties thereto. [Jones on Chattel Mortgages (5 Ed.), sec. 53]. But the question presented for decision relates to its sufficiency as against a third party who has purchased the mules for value and without actual notice of the plaintiff's rights. Touching the rights of innocent third parties—that is, of such persons as may purchase in good faith without notice of the mortgagee's rights, other than that imparted by the record—

there must be something reasonably definite and certain contained in the mortgage which would enable a stranger to locate or identify the property. It is true the description itself need not be such as would enable a stranger to select the property, but the description must be sufficient at least to enable a third party, aided by such inquiries as the instrument itself suggests, to identify the property as that mortgaged. Although the descriptive words in a mortgage in themselves are insufficient to suggest an inquiry which would lead one to identify the property, the mortgage will be *prima facie* sufficient as a matter of law, if, taken as a whole, other pertinent recitals therein sufficiently aid the descriptive matter to suggest such an inquiry as will lead one to identify the property with reasonable certainty. [Stonebreaker v. Ford, 81 Mo. 532; Evans v. Turner, 143 Mo. 638; City Natl. Bank v. Goodloe, etc., Com. Co., 93 Mo. App. 123; Young v. Bank, 97 Mo. App. 576; Jones on Mortgages (5 Ed.), secs. 53, 54; 5 Amer. and Eng. Ency. Law (2 Ed.), 596, 597.]

The question for decision is: Are the words "one black mare mule, six years old, with mealy nose; one bay mare mule, six years old," when considered together with other pertinent recitals in the mortgage before us, sufficient to suggest an inquiry which would lead a third party to identify the animals referred to? Now as before stated, there is no word contained in this mortgage as to where these animals were located nor in whose possession they could be found. The mortgage seems to have been executed and dated in Schuyler county. It was recorded in Scotland county, and the sale of the mules to defendant was made in Knox county. The fact that the sale was made to defendant in Knox county may be eliminated from the consideration of the case entirely for the reason that the mortgage having been recorded in Scotland county, if otherwise sufficient, imparted notice to the defendant, ir-

respective of the question as to where the mules were
when he purchased.   Treating the matter, then, as
though the defendant purchased the mules in Scotland
county, in which the mortgage was recorded, instead of
in Knox county, as was the fact, is there sufficient there-
in to suggest an inquiry which would lead a third party
to identify the animals?   There are many mules of like
kind and description in Missouri, and in every county
of the State.   There are likewise, no doubt, many men
by the name of James Carr.   Therefore, unless more
appears than the descriptive words recited, no sufficient
inquiry is suggested.   Now if this mortgage recited that
the two mules mentioned were the only mules, or all
the mules owned by James Carr, we believe the descrip-
tion might be sufficient, for such would exclude
the idea that Carr might own mules other than those
mortgaged, and might suggest an inquiry with respect
to those involved here.   [Jones on Chattel Mortgages
(5 Ed.), sec. 54b.] Or if the mortgage recited that the
mules were in Carr's possession or on his premises, at
some place, or possibly within a certain county, it
might be sufficient to suggest an inquiry which would
lead a third party to identify the mules referred to by
going to the premises or inquiring of the party recited
to be in possession of the animals.   But no such re-
citals are to be found in the record.   Nothing what-
ever appears indicating where the mules were to be
kept or in whose possession they were, and, in fact,
there is no recital in the mortgage as to the county or
State in which they were located.   In these circum-
stances, we believe the description to be wholly insuffi-
cient as a matter of law.   It appears, where the de-
scription in a chattel mortgage is otherwise insufficient,
as in this case, the courts have frequently declared
them *prima facie,* sufficient if they were aided by re-
citals touching the possession, or on what particular
premises the property may be found, for it is said in
those cases, recitals as to the possession and the premi-

ses, when considered together with the insufficient descriptive words, suggest an inquiry which might be followed by an ascertainment of fact with respect to the particular animals involved. [Evans, etc., v. Turner, 143 Mo. 438, 643; Jennings v. Spartman, 39 Mo. App. 663; Schmidt v. Bender, 39 Kan. 437; Lafayette County Bank v. Metcalf, 29 Mo. App. 384; State ex rel. Blake v. Cabanne, 14 Mo. App. 295; Swinney v. Merchants Bank, 95 Mo. App. 135.]

Mr. Jones in his work on Chattel Mortgages (5 Ed.), sec. 54a, says: "A description which, without stating the location of the property, would be regarded as too indefinite and uncertain, may be rendered sufficiently definite and certain by making the mortgage itself indicate where the property may be found on inquiry. A mortgage on 'one span of colts, three years old, one gray, one bay,' with no reference to ownership, location or anything else which would enable third parties by inquiry to identify the property, is invalid for insufficiency of description. The description would be sufficient if it had stated that the property was in the mortgagor's possession in a certain county. But merely reciting the mortgagor's place of residence, and providing for the place of sale in case of foreclosure, does not cure the indefiniteness of the description."

In Bozeman v. Fields, 44 Mo. App. 432, 435, this court held a description as follows: "Two iron gray mares, three and four years old respectively," to be insufficient as a matter of law and declared that such a description could only be sustained where something further appeared in the mortgage itself pointing the location or possession of the property. The rule announced in that and other cases is that where a defective description is aided by the terms of the mortgage, showing the location of the property or the particular possession thereof, then, and not until then, can parol proof be resorted to for the purpose of further identification. That such other facts of identification must ap-

pear in the mortgage itself, appears to have been declared by our Supreme Court as well in Stonebreaker v. Ford, 81 Mo. 532, 539. It is said that such facts may not be proved by parol testimony without thereby adding to the mortgage a term not contained in it. See also Kelly v. Reid, 57 Miss. 89.

Touching the general proposition that the description in the mortgage before us is insufficient, see the following cases: Rhutasel v. Stephens, 68 Iowa 627; Warner v. Wilson, 73 Iowa 719; Barr v. Cannon, 69 Iowa 20; Young v. Bank of Princeton, 97 Mo. App. 576; Randall v. Buchanan, 61 Mo. App. 445; Chandler v. West, 37 Mo. App. 631; State Bank, etc., v. Felt, 99 Iowa 532, 68 N. W. 816, 61 Am. St. 253; Jones on Chattel Mortgages (5 Ed.), sec. 54a. What has been said on the question of sufficiency of description in the mortgage seems to be in line with the authorities in this State. Under the rule of these authorities, the mortgage is certainly insufficient in law. The case of Bank v. Ragsdale, 158 Mo. 668, 680, is not in point, for there the description said the cattle were "feeding cattle now on feed in Audrain county, Missouri." The otherwise defective description was clearly aided in that case by reference to the facts that the cattle were feeding cattle and then on feed in Audrain county. Be this as it may, it seems were the question open, it might be reasoned on sound principle that upon a purchaser finding a span of mules answering the description in this mortgage in the possession of a man by the name of James Carr who was recited to be the mortgagor, he ought, in justice, to be required to make some pertinent inquiries with respect thereto before proceeding to purchase the same. We believe it entirely proper to remark that the coincidence of a span of mules, such as described in the mortgage, should suggest a reasonable inquiry in that behalf. On principle, it is sound law that James Carr ought to be presumed the owner of the mules from the mere fact of having mortgaged

them. This, for the reason that the law indulges a favorable presumption of right conduct in behalf of all persons. That is, the law will certainly not presume that James Carr mortgaged a span of mules which did not belong to him, but on the contrary, the presumption goes that he acted rightly in the premises, and if he mortgaged the span of mules, he had the right, as owner, to execute such mortgage. He is not presumed to have violated either the law or good morals by executing a mortgage on property he did not own. Then, too, the principle obtains to the effect that the sale of a chattel in possession is an implied warranty of the vendor's title. In view of this, we believe it should be presumed in aid of the description in the chattel mortgage, that the mortgagor was the owner of the property he assumed to mortgage and the fact that the mortgagor claims to mortgage the chattels, it seems, ought to be sufficient to suggest an inquiry with reference to such property when found in possession of a man bearing the identical name of the mortgagor. In this view, if the defendant who found these mules in the possession of James Carr, had instituted a slight inquiry in that behalf, he would no doubt have ascertained the identity of the property mortgaged. In support of this view, we cite Shum v. Claghorn, 69 Vt. 45, 37 Atl. 236; Jones on Chattel Mortgages (5 Ed.), sec. 54d. However, these are only suggestions pointing the court to an argument which, we believe, proceeds from sound fundamental principles, and does not purport to state the doctrine of the adjudicated cases in this State on the subject. We are bound by precedent in the matter, and especially by the prior case of Bozeman v. Fields, 44 Mo. App. 432, with other cases cited in the opinion. In view of these authorities, we conclude the description contained in the present mortgage to be insufficient as a matter of law.

The judgment will therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.