VINA SHANKS, Administratrix, et al., Respondents, v. MORRIS P. TINDER, et al., Appellants.

In the Springfield Court of Appeals, January 7, 1924.

1. **CHATTEL MORTGAGES: Mortgage Held Sufficiently Definite.** Chattel mortgage which described mortgagor as of Scott county, and provided that until default in payment of the debt, the property covered by the mortgage would remain in his possession, and further provided that in case of an attempt to remove the property from Scott county, the mortgagee might take possession, sufficiently stated the county in which and the person in whose possession the mortgaged property was to be kept, though nothing was said as to such matters in the descriptive part of the mortgage.

2. ————: **Mortgage Held Entitled to Priority.** In interpleader proceedings, under Revised Statutes 1919, secs. 1635, 1636, by one claiming mules, seized on execution under a prior chattel mortgage, which sufficiently stated the county in which and the person in whose possession they would be kept, the court erred in not directing a verdict for interpleader if the jury found that the mortgagor was the owner of the mules and a resident of the county when he executed the mortgage, and the latter was recorded therein before the levy, though mortgagor moved to another county before recordation.

Appeal from the Circuit Court of Scott County.—*Hon. Frank Kelly*, Judge.

REVERSED AND REMANDED.

*Baker & Hale* and *R. F. Baynes* for appellant.

(1) Verdict should be for the interpleader because the evidence shows he was in possession of the property at time of levy of execution. R. S. 1919, sec. 2256; Rice Stix Co. v. Sally, 176 Mo. 134; Bank v. Powers, 134 Mo. 446; Milem v. Freeman, 136 Mo. App. 106. (2) Condition in the mortgage having been broken property was not subject to levy of execution. Knott v. Fisher, 190 S. W. 378; National Bank v. Abernathy, 32 Mo. App. 226; Holmes v. Commission Co., 81 Mo. App. 102. (3) There is no substantial evidence to support the verdict. Whitney v. Babcock, 202 S. W. 1113; Garner v. Drainage District, 181 S. W. 587; Milem v. Freeman, supra. (4) Instruction No. 1 given at request of plaintiffs is erroneous because it fails to instruct the jury that it must have regard for the character and situation of the property. Rice Stix Co. v. Sally, supra; Bank v. Powers, supra. And further because it narrows the issues from those made by the pleadings and the evidence. Sinnamon v. Moore, 161 Mo. App. 168; Silverthorne v. Summit Lumber Company, 176 S. W. 441. This instruction told the jury the mortgage was insufficient unless interpleader had possession of the property, when the sufficiency of the mortgage was admitted in the answer. Carter v. Macy, 239 Mo. 523; Meyer v. Bybee, 179 Mo. 354.

*M. G. Gresham* for respondent.

(1) The evidence was that the property was where it had always been and in the same hands and if there is any evidence the verdict of the jury must stand.

Fellhauer v. Quincy Railway Co., 191 Mo. App. 137; Erwin v. Johns, 192 Mo. App. 326; Davidson v. Durham, 183 S. W. 690. (2) The case was tried on two theories; one that the interpleader had the right to the property by reason of a certain chattel mortgage, and the other that he had the right to the property by reason of his having taken possession of the property before the time of the levy of the sheriff. Appellant will not now be heard to say that only one issue was involved. Candiff v. R. N. A., 162 Mo. App. 117; Jones v. Pulitzer Publishing Co., 240 Mo. 200. (3) The case will be considered on appeal as though there had been a reply, a trial of the whole matter having been had as though issue was joined. Alfred v. Pleasant, 175 S. W. 891. (4) Appellant cannot complain of an omission or non-direction in plaintiff's instruction No. 1 leaving out the words "regard for character and situation of property being had," for he nowhere requests an instruction upon this proposition. Norris v. Railway Co., 239 Mo. 695; Lamke v. United Rys. Co., 177 Mo. App. 652.

FARRINGTON, J.—This case originated in Scott County, Missouri, by reason of the sheriff levying an execution issued on account of a judgment in favor of Fred Shanks & Son as plaintiffs v. Morris Tinder and J. T. Tinder, defendants, on the property in question. D. C. Brorein claimed the property seized by the sheriff under sections 1635 and 1636, Revised Statutes 1919. The claim made by the Interpleader was that the property which had been seized, describing certain mules, was not the property of the defendants in the case but that the Interpleader was entitled to the same under and by virtue of a chattel mortgage which had been given to secure an indebtedness due to him by the Tinders. That the mortgage was given on the 18th day of March, 1921, and filed for record in the recorder's office in Scott County, Missouri, on the 4th day of

November, 1921.  The levy was made in January, 1922.

The plaintiffs answered the complaint of the Interpleader denying that he was entitled to the property under the chattel mortgage, first, because Morris P. Tinder was not the owner of the mules; and second, that when the mortgage was recorded in November, 1921, Morris P. Tinder, the mortgagor, was not a resident of Scott County but was a resident of New Madrid County, and was a resident of New Madrid County on the date of the levy of the execution.

The interpleader replied to this re-asserting his claim under the mortgage on the mules, denying that Morris P. Tinder was a resident of New Madrid County and alleging that he was a resident of Scott County. The interpleader tried the case advancing two theories to sustain his claim to the mules under the mortgage. First, that at the time the mortgage was given Morris P. Tinder was the owner of the mules and was the owner in Scott County, the county in which the mortgage was afterwards recorded, the recording of same having taken place prior to the levy under the plaintiff's execution.  Second, that regardless of the recording of said mortgage Morris Tinder had turned over the possession of the mules to him prior to the levy.

The court gave but two instructions.  The first one, which was asked by the plaintiff, presented the case to the jury solely on the question of whether the property had changed possession, and instructed the jury further that the mortgage introduced in the case was insufficient to give title unless possession had been retained.  The other instruction was asked by the interpleader, and on identically the same proposition.  Instruction C, asked by the interpleader, however, was refused.  It informed the jury that if they found that Morris P. Tinder was the owner of the chattels in question, and that he was a resident of Scott County at the time he executed the mortgage, and that the mortgage was recorded in Scott County before the levy under plaintiffs' execution, the

verdict must be for the interpleader notwithstanding that Tinder had moved to New Madrid County after the execution of the mortgage and before the same was filed for record. The trial court evidently refused the last instruction and refused to submit the case on the question of constructive notice, because he held that the mortgage was invalid and insufficient on account of a failure to properly describe the property, following the case of Dierling v. Pettit, 140 Mo. App. 88, 119 S. W. 524, which holds that a description of mules which fails to state the county in which they will be kept, and in whose possession they will be kept, is not such a description that a stranger might identify the property from information that could be obtained from the mortgage.

In the instant case we do not believe the mortgage is subject to this criticism. While in the descriptive part of the mortgage there is nothing said concerning the possession of the mules, nor in what county they will be kept, or what county they are in, yet we find on reading the entire mortgage that the mortgagor, Morris, P. Tinder, is described as of Scott County, Missouri, and we further find that until default is made in the payment of the debt the mules will remain in his possession; and we further find a provision that in case of an attempt to remove the same from Scott County, and etc., the mortgagee may take possession. We think this clearly describes the mules as to remain in the possession of the mortgagor until default is made, and that at the time the mortgage was made the mules were in Scott County and were to remain there in the mortgagor's possession. In the case of Dierling v. Pettit, above cited, it was pointed out that there was no recital in the mortgage showing in whose possession the animals would be kept, at what place, or in what county or state they would be kept or located.

We, therefore, hold that the description in this case was sufficient, and that the court erred in not submitting the question presented in the interpleader's instruction

216 M. A.—12

C, which told the jury that if they believed that Morris P. Tinder was the owner of the chattels at the time he executed the mortgage and that he was a resident of Scott County at the time he executed it, and that the mortgage was filed in the office of the recorder of deeds of Scott County before the levy was made, then the verdict must be for the interpleader. On a re-trial, the issues as made up by the pleadings as they now stand will be, first, whether Morris P. Tinder owned the mules, and whether he was a resident of Scott County when the mortgage was executed, and whether possession of the property was ever taken by the interpleader prior to the levy. We find in this record the evidence is conflicting on these issues. On account of the failure to give instruction C, and the failure to incorporate the same theory as presented by it in instruction No. 1, given for plaintiff, the judgment is reversed and the cause remanded. *Cox, P. J.,* and *Bradley, J.,* concur.